## BATTERSBY v. ABBOTT.

A statement on appeal is sufficient when the Judge certifies that it is substantially correct. It is not necessary that the testimony should be stated in the precise words of each witness.

It is no objection that the statement does not affirmatively show that the settlement was upon proper notice, or in the presence of both parties. In the absence of evidence to the contrary, the presumption of law is in favor of the regularity of all official acts.

It is error for the Court to charge the jury as to a question of fact, or as to the weight of evidence.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was an action of ejectment brought to recover the possession of a tract of land, together with damages for its detention.

The defendant claimed title by virtue of a purchase of the premises at sheriff's sale, under an execution issued upon a judgment against the plaintiff; and on the trial introduced in evidence, in support of his claim, the judgment, execution, and sheriff's deed to him for the premises in question. The plaintiff, to rebut this proof on the part of the defendant, introduced evidence to show that the premises had been redeemed prior to the execution of the deed from the sheriff to the defendant.

After the close of the testimony, the Court instructed the jury "to find for the defendant, as the plaintiff had failed to show any payment in redemption of the premises." Plaintiff excepted to this instruction. The jury returned a verdict for the defendant, and judgment was entered thereon. Plaintiff appealed.

It does not appear affirmatively from the statement on appeal, or the record, that the defendant was notified of the settlement by the Judge of the statement. The Judge's certificate to the statement is as follows:

"I hereby certify that the foregoing statement is substantially correct.
(Signed)                "W. T. BARBOUR, District Judge."

*Bryan & Filkins* for Appellant.

Whatever force might be given to the evidence of Spring, or of the other witnesses, and whether the weight of testimony was or was not with the defendant, the Court clearly overstepped its duty in its charge to the jury.

The Court there tells the jury, in direct words, to find for defendant, as the plaintiff had made out no case. This is so clearly error, that the case can stop here.

Under no decision of any Court can this be sustained. The Court is both Judge and jury, and goes further than Lord Mansfield ever dared to go in his assumption of the powers of Judge and jury in England.

Our system most certainly keeps the two departments of the Court separate. Cons. Cal., Art. 6, § 17.

The Court shall only judge the law, the jury the fact, without the interference or influence of the Court. Wood's Digest, Art. 898, p. 188.

A person could not be excused quoting authority upon a proposition so plain.

We have the case upon the proof, and supposing the law regulating the possession of lands had been sufficiently settled in this State, we refuse to argue the case, leaving it upon the instructions of the Court, and the Court has made the mistake. It tells the jury to bring in a certain verdict, and this never can be allowed. We claim a reversal and new trial.

*E. D. Wheeler* for Respondent.

1. The statement was settled by the Judge, without any notice to myself, as the attorney of respondent. The one hundred and ninety-fifth section of the Practice Act says, "it shall be settled by the Judge, upon notice." Under that section, I was entitled to notice. The first intimation that I ever had that a statement had been settled, was by finding the statement, already

settled, among the clerk's papers. I then drew up a counter-statement, differing in many important facts from the present one, but could not get a hearing on it. I suppose the refusal was based upon the doctrine of *stare decisis.* The only evidence this Court has that such notice was not given is, that the record is silent upon the subject. The record should show, affirmatively, that the notice was given. It should contain the notice itself, or a copy thereof, or an affidavit that one had been served; or, at least, the Judge's certificate of settlement should recite that it was done, upon "notice to the adverse party," or, "that both parties appeared," etc. Now this rule holds good in relation to the judgment itself, and why should it not in relation to an *ex parte* statement, on the strength of which the judgment is sought to be overturned? The record of a judgment, or a certified transcript thereof, in a foreign Court, amounts to nothing unless it also show, affirmatively, that the defendant had notice, or was present in person, or by attorney. Hence, our Practice Act, following the analogies of settled law, provides, section two hundred and three, that the clerk, in making up the judgment-roll, shall attach together the pleadings, judgment, and summons; and, where there is no answer made, then "the summons, with the affidavit or proof of service."

It seems just and consistent, then, that if a judgment must carry with it affirmative proof that the judgment-debtor had due notice, most certainly a statement, on which the judgment is sought to be reversed, should contain the same evidence, particularly when the statute requires notice.

2. The statement should be discarded, because the certificate of the Judge is insufficient and defective. It contains no evidence that the Judge settles the statement as required by statute. It simply says, "I hereby certify that the foregoing statement is substantially correct." This is the certificate. The word "substantially" may mean, in Judge Barbour's sense, one thing, and in the view of this Court it may mean quite a different thing. It is a vague and uncertain term, and should not be received as descriptive of the correctness of a statement on appeal.

A prominent feature in all law proceedings, I mean in the drawing of legal documents, is certainty. And it is frequently the case, that the wording of a single sentence, or even the change in a single word in the sentence, exercises a decisive influence on the termination of the cause pending. How, then, can this Court determine that this statement is complete and full, so far as the respondent is concerned, when the Judge does not settle the statement, but simply says it is substantially correct? If the statement simply averred or recited that "this was an ejectment-suit; that each party produced several witnesses; that the cause was argued; and that a verdict was rendered for

the defendant," this would be substantially correct.   It would recite the prominent facts of the case, but it would not develop the particulars of the trial, the different shades of the evidence, the objections and exceptions taken; nor would it show, at all, the legal points to be considered by the Appellate Court, yet it would be substantially correct.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BURNETT, J., concurring. .

The objections to the statement in this case are not well taken.

The Judge certifies that the statement is substantially correct. This is entirely sufficient.   It is not necessary that the testimony should be stated in the precise words of each witness; the substance of the testimony is all that is required to be set out in the statement.

It is no objection to the statement that it does not affirmatively show that the settlement was upon proper notice, or in the presence of both parties.   In the absence of evidence to the contrary, the presumption of law is in favor of the regularity of all official acts.

From the statement, as settled, it appears that the Judge instructed the jury "to find for the defendant, as the plaintiff had failed to prove a redemption."

This instruction was clearly erroneous.   The question of redemption was the main point in issue between the parties.   It was a question of fact for the jury, and as the evidence was conflicting, the instruction amounted to a charge on the weight of evidence.

Judgment reversed, and cause remanded.