## KANSAS PACIFIC RAILWAY CO. v. TWOMBLY'S ADM'X.

PRACTICE—*whether a motion for new trial may be continued over the term.* A motion for new trial may be heard and determined at a term of court subsequent to that in which the trial occurred.

*What is presented in a motion for new trial.*  Upon overruling a motion for new trial and exception thereto, the evidence given at the trial and the instructions to the jury are necessary to a correct understanding of the ruling of the court, and may be incorporated in the bill of exceptions.

But prayers for instructions which were denied by the court at the trial do not tend to explain the verdict of the jury, and are not embraced in an exception alleged to the ruling of the court upon a motion for new trial.

---

*Bill of exceptions — when necessary.* The rulings of the court at the trial in receiving and rejecting testimony, giving and refusing instructions, and the like, although they may and should be considered in the court where the cause was tried, upon a motion for new trial, will not be reviewed in this court upon such motion.

To entitle the defeated party to review in this court errors committed at the trial, an exception must be reserved at the time and brought into the record by bill of exceptions, settled and sealed, either at the time of trial or afterward, and within a day allowed for that purpose under the statute. R. S. 508.[*]

### Appeal from District Court, Arapahoe County.

THE cause was tried at the April term, 1874, of the district court, and a motion for new trial interposed by appellant. This motion was not heard until the September term in that year, and was then denied, and appellant excepted to the ruling of the court.

The bill of exceptions embraced the evidence, the charge of the court to the jury, and certain prayers for instructions which were denied, all of which appellee now moved to strike out.

In support of the motion it was contended that proceedings in the cause at the April term of court could not be properly entered of record at the September term, and as no bill of exceptions was taken at the former term, neither the evidence nor the instructions, nor any matter which occurred at that term, could have been properly incorporated in the present bill of exceptions, and that every thing, excepting the motion for new trial, and the ruling of the court thereon, should be excluded.

Messrs. CHARLES & PHELPS, in support of motion.

Messrs. SAYRE, WRIGHT & BUTLER, *contra.*

WELLS, J. Convenience often requires that the consideration of a motion for new trial should be deferred from the term at which the trial occurs to a succeeding term. The

---

[*] *Smith* v. *The People,* 1 Col. 121.

usage of our courts sanction such continuances, and this usage is not without the support of authority. *Riddles-burger* v. *McDaniel*, 38 Mo. 140 ; *Laird* v. *Ashley*, 1 Clark, Ia. 571 ; *Walker* v. *Hale*, 16 Ala. 27.

The power to grant or deny such motion at a succeeding term, even before a different judge than the one who presided at the trial, has been recognized. *Ott* v. *McHenry*, 2 W. Va. 77 ; *United States* v. *Harding*, 1 Wall., Jr., 127. By what means, in the case last suggested, the occurrence of the trial shall be presented upon the determination of the motion, is not material to the present inquiry.

When the motion comes on at a subsequent term, before the judge who presided upon the trial, the same consideration must, it would seem, control as if the determination were had at the time of the trial.

If a bill of exceptions shall have been settled, embodying the evidence, reference may of course be had to this. In the absence of such bill of exceptions, it would seem to be proper to refer to the judge's notes of the trial, or to those of counsel, or the judge may refer to his own recollection merely.

In many cases the issue is altogether one of fact, no question of law being controverted, and no exception reserved either to the admission or exclusion of testimony, or to any point of the charge. In such case, manifestly, no bill of exceptions whatever can be settled or allowed in advance of the determination of the motion for a new trial. If, out of abundant caution and diligence, one is prepared, it is still not a bill of exceptions, nor in any way effectual, to authenticate the evidence. In such case the law affords no memorial by which the court may inform itself of what evidence was heard by the jury. Unless, therefore, the judge may refer to his notes, or to his memory of the evidence, as confessedly he may do, at the trial term, there is nothing by which he may advise himself as to whether the verdict ought or ought not to stand ; the result is, that the motion must, at every term subsequent to that of the trial, be overruled, as of course ; or in other words, that it shall not then

be considered, which is to deny the power to continue such motions ; and this, as before seen, is opposed to authority. Conceding, then, that the motion for a new trial may be continued and determined at a term succeeding that at which the trial occurred, and that at such subsequent term the judge presiding may determine what the evidence given to the jury was, by such sources of information as above suggested, it follows, that, if an exception be reserved to the denial of the motion, the party excepting must be at liberty to insert in his bill of exceptions, not only the motion, but the testimony heard by the jury. For the statute which gives the right of exception must be held to apply indiscriminately, whether the motion be denied at the term of the trial, or subsequently, and this manifestly implies that the party aggrieved shall be at liberty to bring the whole matter before the court as fully as it was presented to the mind of the judge presiding below, otherwise the right to except, given in the statute, is without value, and the statute itself nugatory. All the evidence heard at the trial may, therefore, properly be embodied in the bill of the exception reserved to the overruling of the motion for a new trial, and so as it would seem may the instructions given to the jury, at least, in many cases, for when, as in the present action, the pleadings on the part of the defendant consist of a general denial of what is alleged by the plaintiff, reference to the charge of the court is often necessary to determine what precise issue was submitted to the jury. Steph. Pl. App. I, (n) 15. The motion to strike out of the bill of exceptions the evidence, and the instructions given will, therefore, be denied.

So much of the motion as goes to the instructions prayed by the appellant, and refused by the court below, depends upon different considerations.

It is every-day practice to assign as ground of a motion for new trial, errors alleged to have intervened in the admission and exclusion of testimony, the charge to the jury, and like matters. Due regard to the rights of litigants, requires that suggestions of this character should be entertained upon the determination of the motion, rather than that the

error being passed by, the party aggrieved should be put to his appeal, or other process of review.

It has sometimes, indeed, been deemed requisite that, to give advantage of such errors in the court of final resort, a motion for new trial should be interposed, assigning for cause the error complained of. *Tolland* v. *Wellington,* 26 Mo. 58; *Hoersh* v. *The Bank,* 10 id. 516.

These cases seem to proceed upon the idea that opportunity ought to be afforded to the court in which the trial occurs, to correct its own errors; and failing to present such opportunity, the party complaining ought not to be heard. It is conceived that a different rule prevails with us.

At the common law, no method was provided, by which the opinion of the court expressed upon questions of law, during the trial, could be brought in review upon writ of error, or other subsequent occasion.

The statute of 13 Edward I, chap. 13, allowed the bill of exceptions for this purpose. This enactment, adopted with us by the act of October 11, 1861 (R. S., ch. 16), gave the means of preserving a memorial of the errors committed upon the trial, and bringing them to the view of this court.

But even after this statute, it could not be assigned for error that the verdict was contrary to evidence. If the jury found upon insufficient evidence, and judgment was given thereon, no means were afforded by which relief could be obtained. And so is the law at this day in the courts of the United States.

The statute allowing an exception to the overruling of motions for new trial was, it is conceived, intended to meet this defect, and not to give an additional means of relief for errors intervening in the course of the trial, and for which a sufficient remedy was before provided. *Hill* v. *Ward,* 2 Gilm. 293; *Sullivan* v. *Dollins,* 13 Ill. 88; *Howe* v. *Tims,* 16 Mo. 431; *Dozier* v. *Jernean,* 30 id. 220; *Devlin* v. *Clark,* 31 id. 22.

Therefore, to entitle the defeated party to a review in this court, of errors committed upon the trial, an exception must be reserved at the time, and brought into the record by bill

of exceptions, settled and sealed, either at the time of the trial, or afterward, and within a day allowed for that purpose, under the statute (R. S., chap. 70, § 21), and while the court below may, in its discretion, award a new trial for errors to which no exception was taken or preserved, yet, if it refuse so to do, an exception to the denial of the motion will not suffice to present the matter for review in this court. *Farrar* v. *Fuller*, 8 Clarke (La.), 348.

So far as the revisory power of this court is concerned, the only question presented to the court below, upon the motion for new trial, was the sufficiency of the evidence to maintain the verdict. While that court might, in its discretion, have gone beyond this, it was not required to do so ; nor are we permitted to entertain any other question.

Now, upon this question, the instructions which were prayed by the appellants, and refused by the district court, in no manner came into view, on the hearing of the motion for new trial, and are not to be considered here.

As to these, therefore, the motion will be sustained.

It was suggested upon the argument of this motion, that certain exceptions to the admission and exclusion of evidence were set forth in this bill of exceptions. If the bill does contain such exceptions, they are improperly there, and might be made the subject of further motion. Inasmuch, however, as counsel for the appellant has denied the existence of such exceptions, and distinctly disclaimed all reliance thereon, it may be proper to say, in order to avoid further delay, that all such exceptions, if any, will be disregarded.

*Motion allowed in part.*