Per Curiam.

The motion to strike out the bill of exceptions and to dismiss the writ of error is based mainly upon the proposition that, in contemplation of law, judgment was entered in the case at the April term, 1879, of the Court below, and that it had not jurisdiction at the subsequent June term, to entertain and decide the motion for a new trial, nor to make or settle a bill of exceptions.
The trial was to the Court, without a jury, and its findings were announced on the 8th day of April. A notice of a motion *395 for a new trial was then given by counsel for the plaintiff, and afterwards a written motion was filed.
At the June term counsel for both parties appeared before the Judge, and argued this motion; it was denied, and time was asked and given to prepare and tender a bill of exceptions. This was done within the time granted, and the bill of exceptions signed by the Judge.
Two propositions are laid down by counsel in support of the present motion:.
First—That the motion for a new trial was not made within the time prescribed by the statute.
Second—That upon the making and filing of the findings of the Court upon the issues at the April term, in the absence of an order of Court reserving the case for further proceedings, the jurisdiction of the Court over the case and the parties ceased, the clerical duty of entering up the judgment only remaining; and the term having closed without a decision of the motion for new trial, in contemplation of law, the judgment was entered at the April term. Consequently the motion could not be entertained at the subsequent June term, nor could a bill of exceptions be settled at that term.
The transcript of the record does not show when the motion for new trial was filed. An interlineation in the bill of exceptions states that it was filed April 14th, but it is conceded that this was inserted after the transcript was brought into this Court; it must, therefore, be disregarded.
There is an admission in this motion to dismiss, however, that the motion for a new trial was filed at the April term.
Counsel for both parties appeared before the Court at the June term, and discussed the motion, and it not appearing that an application to strike it from the files was made, or that any objections were interposed as to the time of filing it, the presumption obtains that it was filed in apt time. As said in a former opinion of this Court, the proceedings of the lower Court must be presumed to have been regular in every respect, unless the contrary appears in the record. Martin v. Force, 3 Colo., 199; see also Battersby v. Abbott, 9 Cal., 565.
It remains to inquire whether a motion of this character, made in due time, pending and undecided at the term at which the *396 findings were made, will have the effect to carry the case over to a subsequent term.
Upon this point counsel tor plaintiff in error cite us to Wade on the Law of Notice, p. 511, Sec. 1202.
This section lays down the rule, that if due notice of the motion is given, and followed up by a proper statement of what the motion will contain, made in due time, the moving for a new trial will continue the jurisdiction beyond the term; but if the notice and motion are not in statutory time, the Court loses jurisdiction of the cause at the end of the term.
In view of the presumption which obtains in favor of the regularity of the proceedings of the Court below, this authority is favorable to the jurisdiction in the case at bar.
The same rule was adopted in the cases of Lurvey v. Wells, Fargo & Co., 4 Cal., 106; and Copper Hill Mining Co. v. Spencer et al., 25 Cal., 16.
But it is suggested that Sec. 201 of Civil Code* is mandatory upon this point, and divests the Court of jurisdiction at the close of the term. It requires the motion for a new trial, and the decision thereon, to be made and had at the same term the findings are made or verdict rendered. In our judgment this section must be construed to be directory so far as the action of the Court is required to be performed within a specified time.
It is the duty of Courts to use all reasonable diligence in the decisions of motions and other matters presented for their determination, but to say that they shall all be decided at the same term during which they are presented, regardless of their importance or difficulty, or of the time of submission, would be unreasonable. Section 203 of the Code† requires the Judge, upon granting or refusing a new trial, to state in writing the grounds upon which the same is granted or refused. This provision was doubtless intended to secure a careful consideration of such applications, as well as to inform litigants of the grounds of the decision. It not unfrequently happens that these motions are presented and argued, or submitted upon briefs, on the last day of the term. In many instances they require a thorough review of the evidence, and they often involve the examination of authorities not previously brought to the attention of the Court. If the provision is to be held mandatory, the effect will be to re *397 quire many of these motions to be decided without due consideration, a resúlt which will defeat the spirit and intent of the statute.
J. W. Horner, for plaintiff in error.
Stallcup & Lnthe, for defendant in error.
Similar statutory provisions have been held to be directory. Section 632 of the California Code provides as follows: “Upon the trial of a question of fact by the Court, its decision must be given in writing, and filed with the clerk within thirty days after the cause is submitted for decision.”
The case of McQuillan v. Donohue, 49 Cal., 157; construes this provision to be directory merely.
The same doctrine in respect to statutory provisions of this character is laid down in Vermule v. Shaw, 4 Colo., 214, and Brood v. Murray, 44 Cal., 228.
We are of opinion that the proceedings at the April term, subsequent to the findings, operated to reserve the case for further consideration, and to continue the jurisdiction beyond that term. No judgment was entered at the April term, and no direction by the Court to enter judgment was given at that term. We held, in Alvord v. McGaughey * at the April term, 1880, of this Court, that the findings of the Court do not constitute a judgment.
The action of the Court below in deciding the motion for a new trial, and settling the bill of exceptions at the June term, must be sustained. Motion denied.
Chief Justice Elbert, being absent, did not sit in the hearing of this motion.

 King’s Code, Sec. 192.

 King’s Code, Sec. 194.

 1 Colo. Law Reporter, 84.