## STOCKING V. MOREY.

TRIAL BY COURT — MOTION FOR NEW TRIAL — BILL OF EXCEPTIONS.—
Where a trial is had to the court, and its findings announced, an
undetermined motion for a new trial operates to reserve the case,
and continue the jurisdiction beyond the term for the purpose of
disposing of the motion and settling a bill of exceptions.

*Appeal from District Court of Arapahoe County.*

MOTION to strike out part of bill of exceptions.

This case was tried at the April, 1889, term of said
court, on the 26th day of April, 1889, and taken under
advisement, and on May 3, 1889, the court found for the
plaintiff. May 8, 1889, at the same term, defendant filed
his motion for a new trial. .

No bill of exceptions was filed at the April term, 1889,
of said court, nor was any order entered at that time fix-
ing the time for filing bill of exceptions. At the Septem-
ber term, 1889, of said court, and on the 12th day of
October, 1889, the same judge presiding, the motion for
a new trial was denied, and judgment was entered in
favor of plaintiff and against defendant. And on the
same day defendant was allowed an appeal to the su-
preme court, and thirty days given for an appeal bond,
and also the following order entered: "And time, and
until thirty days from this date, is allowed said defend-
ant in which to prepare and tender to the judge of this
court his bill of the exceptions by him reserved herein,
which, when signed and sealed by the said judge, shall
be filed herein as of this date."

November 7, 1889, the time for bond and bill of ex-
ceptions under the foregoing order was extended, the
court allowing defendant fifteen days' additional time.
The bill of exceptions herein was tendered to the judge
November 26, 1889, and on that day signed and sealed
by him. This bill of exceptions contains not only the
exception reserved to the ruling of the court in over-

ruling the motion for a new trial, and the exception to the judgment, which said exceptions were taken at the September term, but also all proceedings occurring upon the trial of said cause at the preceding April term.

Messrs. TROWBRIDGE & HINCKLEY, for appellant.

Messrs. TELLER & ORAHOOD, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

We are asked upon this motion to strike from the bill of exceptions filed herein all that portion relating to the proceedings had in the court below at the April term thereof, or, in case the court should be of the opinion that this ought not to be done, then appellee seeks to have all the proceedings had at such term stricken out, save and except only the evidence.

The position of appellee is substantially this: That to make the proceedings had at the April term a part of the record, appellant should either have tendered a bill of exceptions containing the same to the judge for his authentication during that term, or procured an order from the court at that term, giving additional time in which to present the same. In support of this position, our attention is called to section 385 of the Civil Code, in which it is provided that where either party excepts to any ruling, decision or opinion of the court, and shall reduce such exception or exceptions to writing, it shall be the duty of the judge to allow, sign and seal the same at any time during the term of court at which such exceptions are taken, or at any time thereafter to be fixed by the court.

Had the motion for a new trial been determined and a final judgment pronounced at the April term, and had the court at the following term made the order in reference to the bill of exceptions, appellee's objections would have been well taken, but such are not the facts. No

ruling upon the motion for a new trial was made until the subsequent term, and final judgment was reserved by the court until after such ruling should be made. Under the circumstances, we can see no good reason for holding that the bill of exceptions presented within the time allowed by the court for the same, at the September term, was not presented in apt time to preserve the entire record, while cogent reasons exist for the opposite conclusion.

Had the motion for a new trial been sustained appellant would have had no occasion for this bill of exceptions; and to say that he must put his client to the expense and himself to the labor of preparing a bill that might never be used, would, in our judgment, accomplish no good purpose. And to require him, pending a decision upon such motion, to petition the court for an order extending the time in which to present such bill, would be unreasonable. In *Gomer v. Chaffee*, 5 Colo. 383, the provision of our code requiring that the motion for a new trial and the decision thereon shall be made and had at the same term the findings were made or the verdict rendered, has been declared by this court to be directory merely, so far as the action of the court is required to be performed within a specified time. This decision recognizes the power of the court to continue the motion to a subsequent term for determination. The court may be delayed in announcing its ruling upon the motion for a new trial one month or six months; and to require a litigant to anticipate, in his application for time within which to prepare and present a bill of exceptions, the date upon which the court will finally pass upon such motion, would be unwise. Neither do we believe that the framers of our code ever intended, when a cause is tried at one term and a motion for a new trial is made and then continued until the next term, that a bill of exceptions should be filed preserving a record of the trial, and a subsequent bill to preserve the proceed-

ings upon the motion for a new trial.  *Henze v. Railroad Co.* 71 Mo. 636.

The case of *Railway Co. v. Twombly*, 2 Colo. 559, cited in support of the motion to strike, was decided prior to the adoption of the code; and without questioning the correctness of the decision in that case, under the practice as it then existed, we are of the opinion that the conclusion reached in the case of *Gomer v. Chaffe*, *supra*, is more in harmony with the liberal construction enjoined by the code.  Formerly it was quite important to have the bill of exceptions presented promptly upon the happening of the matters excepted to, in order that the trial judge might determine the correctness thereof while the facts were yet fresh in the mind of the court; but with the introduction to the court-room of official stenographers, who are required to take down in full all such matters as may properly be made a part of the record in this manner, the principal reason for the strict construction given statutes like this one under consideration, when such means of preserving a record of the proceedings was unknown, no longer exists.

The facts in the case last cited were quite similar to those presented in the case at bar, and the opinion is authority for saying that where a trial is had to the court, and its findings announced, an undetermined motion for a new trial operated to reserve the case and continue the jurisdiction beyond the term, for the purpose of disposing of the motion and the settling of the bill of exceptions.

We are of opinion that the proceedings had upon the trial at the April term of the district court are properly made a part of the record by the bill of exceptions presented within the time fixed by the court at the time of overruling the motion for a new trial and entering final judgment in the cause, although this was at a subsequent term.

The motion to strike out is overruled.

*Motion denied.*