## COWAN v. COWAN.

16　335
13a　426
16　335|
o31　104|

1. BILL OF EXCEPTIONS, WHEN JUDGMENT ENTERED AT TERM SUBSEQUENT TO TRIAL.—When the trial is had at one term, and the final judgment is not entered until a subsequent term, an order fixing the time within which a bill of exceptions may be filed, made at the time of the entry of judgment, is sufficient authority for including in the record the prior proceedings.

2. EXCEPTIONS NECESSARY FOR REVIEW OF RULINGS ON TESTIMONY.— The rulings upon the admission and rejection of testimony made at the trial, if excepted to at the time, may be reviewed upon appeal, although no formal exception to the overruling of the motion for a new trial was taken.

3. ADMISSIONS OF PLEADINGS.— It is not error to refuse to admit evidence upon matters expressly admitted by the pleadings.

4. DEPOSITIONS — OBJECTIONS THERETO MUST BE MADE BEFORE TRIAL. Under our practice, only such objections, exception and motions in respect to depositions will be considered as are made before trial.

5. PROOF OF REPUTATION OF ONE NEITHER A PARTY NOR WITNESS IMPROPER. — When adultery is charged, it is not error to refuse evidence of the good reputation for chastity of the person with whom

the adultery is alleged to have been committed, when the general reputation of such person has not been put in issue, she being neither a party to nor a witness in the case.

6. DIVORCE — ALLOWANCE TO WIFE FOR ATTORNEY'S FEES WHEN SHE IS PLAINTIFF.— A wife suing for divorce, if without sufficient separate estate, may properly be allowed reasonable attorney's fees to be paid from the husband's estate, varying in amount with reference to the value of the services and the financial condition of the parties; but where the husband's estate is small, this fact must be given due weight in fixing the amount that may properly be allowed for such purpose out of his estate.

*Appeal from Superior Court of Denver.*

ACTION for divorce, alimony and custody of minor children. Appellee, Laura Cowan, as plaintiff below, rested her application for divorce, etc., upon two distinct charges against the defendant Edwin R. Cowan, viz., adultery and extreme cruelty.

The trial of these issues resulted in a general verdict in favor of appellee. This verdict was rendered upon the 2d day of January, 1889. A motion for a new trial was filed and denied upon January 21, 1889. An appeal to this court prayed and allowed the same day. No further action appears to have been taken in the case at that term of court. At the next term, on March 14, 1889, the cause was called for hearing upon the question of alimony and custody of the children, and, upon the 15th day of the month of April following, the final decree was rendered. By this decree the bonds of matrimony between the parties were dissolved. Appellee was given the custody of the children, the issue of said marriage, the same being Cora H., Ethel M., and Augusta, aged, respectively, about thirteen, nine and six years at the time of the trial. Permanent alimony was awarded the plaintiff in the sum of $15,000, and counsel fees in the sum of $1,800, and said amounts were made a lien upon certain property belonging to appellant.

Mr. H. E. LUTHE and Messrs. WELLS, McNEAL & TAYLOR, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

. MR. JUSTICE HAYT delivered the opinion of the court.

Objection is made to any consideration of the matters brought here by the bill of exceptions upon our review of the trial of the divorce issues. This objection is based upon the fact that the bill was neither presented at the term at which these issues were tried, nor was any order extending the time within which the same might be presented made at that term. Neither was necessary. An order fixing the time within which a bill of exceptions might be presented was made at the time the final decree was entered, and this is all the statute requires. *Stocking v. Morey*, 14 Colo. 317. And it is not necessary, under the present provisions of the Civil Code, to preserve a formal exception to the overruling of a motion for a new trial, in order that this court may consider the exceptions reserved to the rulings of the court upon the admission and rejection of testimony at the trial. Civil Code 1887, § 387.

A number of assignments of error are based upon the admission and rejection of evidence at the trial. These in most instances relate to matters that could have had but slight effect upon the substantial merits of the controversy between the parties. They will, however, be briefly noticed.

1. When plaintiff was upon the stand, she was asked, upon cross-examination, as to how the house occupied by her was furnished, etc. This question is claimed to be material, under the allegation of the plaintiff that the defendant at one time deserted plaintiff, leaving her with three children to provide for, without making adequate provision for their support. It is said that, if the house was well furnished, it might perhaps have been shown that the plaintiff could have in part supported herself and children from the rent of rooms. It is sufficient answer to this contention to say that, when she attempted so to do, her husband objected,

and turned the roomers away. Further than this, it is expressly admitted by the pleadings that the house was well furnished at the time to which this inquiry was directed; hence the evidence was unnecessary. When the question of alimony was under consideration at a subsequent term, the witness answered fully in regard to the value and character of such furnishings, and we do not think the previous rejection of the testimony was error.

2. The next objection urged is based upon the rulings of the court at the trial in reference to a portion of the deposition of the witness Mrs. Ennis. This objection was made too late, and must be deemed to have been waived under section 353 of the Civil Code, which provides that "all objections, exceptions and motions in respect to depositions shall be made and disposed of before the trial; provided, that objections to the competency, relevancy or materiality of the testimony therein may be reserved and ruled on during the trial." Sec. 353, Code 1887.

3, 4. The third exception argued here relates to the ruling of the court sustaining an objection to the following question propounded to the defendant while upon the stand: "Why did you think the children were in danger?" It is claimed that this question was pertinent and proper, as explaining plaintiff's conduct towards his wife upon an occasion, when she swears she was forcibly thrust down-stairs by him. Both parties were fully examined upon all the facts and circumstances, in connection with that episode, and each allowed to detail at length, before the jury, his or her version of the matter; and, although an objection was sustained to this particular question, the witness answered the same in connection with his answer to the next interrogatory, thus curing the harm, if any, that might have otherwise resulted from sustaining the objection. The testimony of the defendant, as to his motive for calling upon the servant upon a certain occasion, which is the fourth point urged against the conduct of the trial below, was properly excluded.

5. The fifth relates to the motive of the plaintiff in bringing this suit. We think this was also properly excluded. The attempt being to prove by the witness Pond that the plaintiff had made statements showing that she had a bitter hatred towards the defendant, it is sufficient to say that such evidence was entirely unnecessary. During the plaintiff's long examination in chief, as well as upon cross-examination, she made no attempt to conceal the fact that she entertained the feelings towards the defendant attributed to her. Almost every answer is an admission that she did entertain such hatred. Further evidence upon this point was entirely unnecessary.

The defendant was charged with having committed adultery with one ———, and counsel for appellant complained because the court refused to allow them to inquire into the general reputation of said person for chastity. The argument is that, when the general reputation for chastity of one is in evidence, it is competent to show such person's good reputation. This rule has no application, under the circumstances of this case. The general reputation of the party with whom the adultery is alleged to have been committed was not in issue. She was neither a party to nor a witness in this case. The testimony was properly refused.

The case appears to have been fairly submitted to the jury, under proper instructions. The evidence, although quite conflicting, is sufficient to sustain the verdict, and we see no reason for disturbing the decree of the trial court dissolving the bonds of matrimony between the parties. No error is urged to that part of the decree relating to the custody of the children.

Appellant claims the amount decreed appellee as permanent alimony, and for counsel fees, etc., to be grossly excessive. In view of his financial condition, we think there is some merit in this claim. The only property belonging to the defendant, as shown by the evidence, consists of four lots on the corner of Twenty-first and Stout streets, in the city of Denver, with a dwelling-house thereon.

The market value of this property at the time of the trial was variously estimated by the witnesses at from twenty to thirty thousand dollars. Taking the testimony altogether, and it may be said to fix the value of the property at $25,000, less the sum of $1,200, due for taxes thereon.

It is in evidence that the defendant had received several thousand dollars from the sale of property during the former years immediately preceding the trial. Such property was incumbered, however, and the amounts received therefrom by defendant were not more than sufficient to pay his living expenses up to the time of the trial and the amounts awarded the plaintiff for temporary alimony.

It is also shown that, five or six years previous to the trial, while he was a member of the firm of Cowan & Co., the firm had deposits in bank at different times to their credit in amounts ranging from ten to thirteen thousand dollars. The latter testimony, in view of the remoteness of the time and uncertainty of the liabilities, etc., is of no weight.

The defendant upon the trial testified that the Stout-street property constituted his sole and only asset, and that he was then indebted to various parties in amounts aggregating something over $6,000. That he is afflicted with spinal *schlerotis*, a malady that in a great measure incapacitates him for business, is established. Under these circumstances, we are of the opinion that the plaintiff should not have been allowed out of the defendant's estate for counsel fees and permanent alimony more than the sum of $14,000. As fixed by the decree, the aggregate of these items is $16,800. A wife suing for divorce, if without sufficient separate estate, may properly be allowed reasonable attorney's fees to be paid from the husband's estate, varying in amount with reference to the value of the services and the ability of the defendant to pay; but where the estate, as here, is not large, this fact must be given due weight in fixing the amount that may properly be allowed her, for this and other purposes, out of his estate. If

divorce applicants desire an array of eminent counsel, it is their privilege to provide themselves therewith at their own expense; but the amount to be allowed the wife for counsel fees from the husband's estate must be governed to some extent by the situation in life of the parties and the husband's ability to pay. We shall not disturb the allowance in this case as an independent item, as appellee seems to desire same should not be interfered with; but, in the opinion of the court, $14,000 is the limit that should have been allowed for all purposes. Leaving the attorney's fees unchanged, this would leave the wife as permanent alimony the sum of $12,200. This is all we think she is entitled to, under the circumstances of this case, and the decree should be modified accordingly. The decree is reversed as to the amount allowed for permanent alimony, with direction to the court below to modify the same in this respect in accordance with the views herein expressed.

*Decree modified.*

MR. JUSTICE ELLIOTT did not participate in this decision.