[No. 3685.]

CONE v. MONTGOMERY.

1. PRACTICE—OBJECTIONS FIRST RAISED ON APPEAL.
Objections to proceedings in the trial court will not be considered when raised for the first time in the appellate court, where the proceeding or ruling objected to might have been corrected by the trial court if objection had been raised in that court.

2. PRACTICE—CONSOLIDATION—OBJECTIONS.
Where several cases were pending, involving the same issues and coun-

sel announced that he introduced his evidence in one case with the understanding that it was to be considered in the other cases, and he was permitted to proceed without objection, the other party will not be heard on appeal to object that the cases were not consolidated by order of the court, or that the witnesses were not sworn in each case.

3. PRACTICE—JURY TRIAL—WAIVER.

Where a party proceeds to trial to the court without demanding a jury, he will be deemed to have waived a jury and cannot raise the objection on appeal.

4. PRACTICE—REFUSAL TO PERMIT COUNSEL TO CROSS-EXAMINE WITNESSES—EXCEPTIONS.

The refusal of the trial court to permit counsel to cross-examine witnesses will not be considered on appeal unless an exception be taken to the action of the trial court.

5. PRACTICE—COSTS.

Where a complaint was dismissed and the plaintiff objected to the dismissal of the case, but insisted on a trial on the defendant's cross-complaint and the replication, and the cross-complainant recovered judgment, the plaintiff was properly charged with the costs, and the fact that he was not permitted to cross-examine witnesses cannot affect the question of taxing costs.

*Appeal from the District Court of El Paso County.*

Mr. J. E. ROCKWELL and Mr. G. W. MUSSER, for appellant.

Messrs. ROGERS & SHAFROTH, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Appellant, as the owner of the Buster lode, brought this action in support of his adverse claim against the entry for patent by appellee of the Hoosier lode. The complaint filed is the usual one in such cases. Appellee answered, putting in issue the averments of this pleading, and by way of cross-complaint, set up his right to the ground in controversy, as the owner of the Hoosier lode. The allegations of this pleading were put in issue by replication. There were three other causes pending in the same court, each of which was in support of an adverse claim against the entry for patent by

appellee of the ground, or some portion thereof, in controversy in this case. Two of these causes were between the same parties, but in one there were plaintiffs other than appellant Cone. In each of these three cases, the pleadings and issues were the same as in this, except that the complaints were based upon different lode claims. When these causes were regularly reached and called for trial, counsel for the adverse claimants stated that he could not introduce any evidence, for the reason that his witnesses were not present. Thereupon, counsel for appellee moved to dismiss each of the actions for want of prosecution. To this motion, counsel representing appellant and his coplaintiffs replied, that this being an action to try title to the premises in dispute, it was incumbent upon appellee to prove his case. The court denied the motion to dismiss the actions, but dismissed the complaint filed in support of the adverse claim in each of the cases, and directed that appellee make proof on his cross-complaint. This latter order extended to each of the cases. An exception to the ruling dismissing the complaints was taken, while appellee excepted to the refusal to dismiss the actions. The latter then waived a jury, and proceeded to introduce his evidence, counsel for appellant Cone and his coplaintiffs in the other case above mentioned interposing no objection to this procedure.

Counsel for appellee, on commencing to introduce the evidence, stated he wished it to be understood that the testimony was to be considered in all four cases, meaning this and the three others above noticed. To this suggestion, counsel representing appellant Cone and his coplaintiffs in the other cause mentioned, made no objection. At the conclusion of the examination of the first witness called on behalf of appellee, opposite counsel stated that he appeared for the purpose of cross-examining that witness and others who might be produced on behalf of appellee, and then offered to cross-examine the witness whose examination in chief had just been concluded. To this offer, counsel for appellee objected and the objection was sustained. No exception to this ruling was taken. Judgment was rendered in favor of appellee for the ground in con-

troversy, in each of the several cases, from which appeals have
been severally taken to this court, and the following errors
assigned and argued:

1. That the several causes could not be consolidated and
tried as one case without an order being first made by the
court, directing such consolidation; and that the cause in
which there were plaintiffs other than appellant could not be
consolidated with those in which appellant was alone the
plaintiff.

2. That the witnesses should have been sworn in each and
all of the cases, or for all the cases.

3. Refusing counsel for appellant the privilege of cross-
examining the witnesses called on behalf of appellee.

4. That the issues made by the cross-complaints and repli-
cations should have been submitted to a jury for determina-
tion.

These several alleged errors, except the third, are of that
character that an objection to the procedure upon which they
are based must have been made below, or they will not be con-
sidered in the supreme court, as, generally, this court will not
reverse a judgment upon a point which the trial court was
given no opportunity to pass upon, and where an objection,
had it been made in that court, might have obviated the error
assigned—*Schilling et al. v. Rominger*, 4 Colo. 100—the gen-
eral rule as to the necessity of an objection to procedure upon
the trial of a cause being, that unless the points raised could
not have been obviated by the trial court, had its attention
been called thereto, seasonably, they cannot be urged on appeal
or error for the first time.    8 Enc. Pl. & Pr. 157–162.

In order to have rulings and orders of the kind under con-
sideration reviewed on appeal, an exception thereto must
have been taken and preserved: *K. P. R. Co. v. Twombly*, 2
Colo. 559; otherwise, the errors based thereon will be con-
sidered waived.    8 Enc. Pl. & Pr. 165.

Conceding that the cases could not be consolidated and
tried as one, and that appellant was entitled to have the is-
sues made by the respective cross-complaints and replications

submitted to, and determined by, a jury, he made no objection to the method adopted in introducing the evidence in all of the cases at the same time, or that the witnesses were not sworn in all of the cases; nor made any demand for the trial of the issues by jury; and he cannot now be heard for the first time to complain of what he designates "errors committed by the trial court," when, by his silence, he will be deemed to have acquiesced in the proceedings complained of; and besides, made no effort to prevent such errors, if they are such, in the court below. No exception to the refusal of the court to permit counsel for appellant to cross-examine the witnesses called on behalf of appellee was taken; and, therefore, whether there was error in such refusal is not before this court for determination.

It is also urged by appellant, that under the proceedings had the costs should not have been taxed to him. It was at his instance that the court required the appellee to present evidence in support of the allegations of his cross-complaint, which were controverted by the replication of appellant.

The plaintiff prevailing in an action is entitled to recover against his adversary the costs, to be taxed. Sec. 677, Mills' Ann. Stats. On the cross-complaint the appellee must be regarded as the plaintiff, and the appellant as defendant for the purposes of this action, and as the former prevailed, no reason is suggested why costs should not be taxed in favor of the prevailing party, in the usual way, for appellant cannot complain of steps taken and proceedings made necessary by reason of the position assumed by his counsel in the court below. The fact that appellant was not permitted to cross-examine the witnesses does not affect the question of the taxation of costs. This refusal, as already stated, might be considered in determining whether or not the judgment should be reversed, if such action on the part of the court was properly here for review, but it is not; and that appellee was adjudged to recover his costs in the court below, that order cannot be disturbed, because of some alleged error in

the proceedings, which we are precluded from considering, for the reasons already given.

The action of the trial court, in dismissing the complaint of appellant, to which he excepted, is not argued, and no opinion is expressed on that subject; nor do we wish to be understood as expressing any opinion whatever as to the regularity of these proceedings, or what is the proper method of procedure in adverse cases, where the plaintiff in such actions fails to introduce any evidence whatever in support of the allegations of his complaint.

There are no alleged errors assigned and argued which can properly be reviewed on this appeal; and the judgment of the trial court is, therefore, affirmed.

*Affirmed.*