[No. 1595.]

## Monteith v. The Union Pacific, Denver & Gulf Railway Co.

1. Appeals and Writs of Error—Final Judgments—New Trial.

An order granting or refusing a new trial is not a final judgment from which an appeal may be taken or to which a writ of error lies.

2. Appellate Practice—Orders Granting New Trials.

An appellate court will not interfere with an order of a trial court granting a new trial, unless there has been a manifest and gross abuse of discretion.

3. Appellate Practice—Record.

A plaintiff in a trial secured a verdict. At the same term of court on motion of defendant the verdict was set aside and an order entered granting a new trial. At a subsequent term of court the case was called for trial and plaintiff announced that she had no further evidence and would stand on the record as made. The case was dismissed at plaintiff's cost; to which order of dismissal plaintiff excepted and took the case up by writ of error, lodging with the court of appeals a record of the proceedings of both terms of court, including the evidence and proceedings of the trial. *Held*, that the record of the proceedings at the term when the case was dismissed was the only record properly before the court, and that the appellate court would not consider the proceedings of the trial at a former term.

4. Practice—Voluntary Nonsuit.

Where a plaintiff, upon whom the burden rested to establish her case, refused to introduce any evidence and the case was dismissed, it was a voluntary nonsuit although the dismissal was on formal motion of defendant.

*Error to the District Court of Pueblo County.*

Mr. M. J. Galligan, for plaintiff in error.

Mr. E. E. Whitted and Mr. Orville. L. Dines, for defendant in error.

Wilson, J.

This was a suit instituted by plaintiff, the widow of an

employee of the defendant company, to recover damages for the death of her husband alleged to have been occasioned through the negligence of the defendant. Trial was had at the September term of the district court, 1896, and the verdict of the jury was in favor of plaintiff. Thereupon the defendant interposed a motion to set aside the verdict and to grant a new trial, for the reason that the evidence was insufficient to support the verdict; that the verdict was unsupported by the evidence; that it was given under the influence of prejudice and passion; that the testimony in behalf of the plaintiff showed that death was caused by the negligence of fellow-servants of deceased, and upon numerous other grounds. This motion was sustained at the same term of the court, and an order made granting a new trial. No further proceedings were had in the case until in the May term of the court, 1897, two whole terms of court having in the meantime intervened. At this time the case coming on for trial at the time regularly set for it, counsel for plaintiff appeared and stated that he elected to stand upon the record as made, and that he had no further evidence to offer. Thereupon, on motion of the defendant, the cause was dismissed for want of prosecution, and judgment for costs rendered against the plaintiff. To this order and judgment of dismissal, plaintiff excepted, and brings the case to this court on error, bringing up in the record not only the proceedings in the cause at the May term, but also those at the September term of the court, including all of the proceedings and all of the evidence taken on the trial at the last mentioned term. Counsel for plaintiff strenuously insist that it was error in the court to grant a new trial, and that this is the controlling question in the case; also urging that this court has the right to reverse its judgment by reason of its alleged abuse of discretion in this particular.

The first case cited by counsel in support of this position, *Clifford v. Denver, S. P. & P. R. Co.*, 12 Colo. 126, does not support it. That case was an appeal from an order granting a new trial. Under the statute as it then existed, it was expressly provided that appeals might be taken from an

order of court granting or refusing a new trial.   Laws, 1885, p. 350.   The remarks in the opinion of the court with reference to the character of the discretion vested in a trial court to grant or deny a new trial, and the right of an appellate court to review the exercise of such discretion, were based expressly upon this statute.   It was held there that in order to give this statute any practical effect whatever, the court must review the exercise of this discretionary power vested in the trial court.   Soon afterwards, this statute was repealed, and there is now no statutory provision providing for an appeal from an order either granting or denying a new trial. And it has been expressly held by the supreme court that such an order is not a final judgment from which an appeal can be taken, or to which a writ of error lies.   *Lipe v. Fox,* 21 Colo. 142.

There is much conflict of authority upon the question as to whether or not an appellate court will in any case review an order of the trial court granting a new trial, unless the question involved be strictly a legal one,—the manner and legality of the procedure in the exercise of the power.   In one case our supreme court has exercised this right of review. *Wadsworth v. The U. P. Ry. Co.,* 18 Colo. 600.   This case was different, however, in many and very essential particulars from the one at bar.   In that, the verdict was in plaintiff's favor, and the court granted defendant's motion for a new trial.   Thereupon, and at the same time, the plaintiff declared that he elected to stand upon his case as already made, and the district court then and there rendered a judgment of dismissal at plaintiff's costs.   The court in its opinion based its right to review the entire record with reference to its bearing upon the action of the court in granting a new trial, upon the ground that the facts of the case clearly indicated that it was the intention of both parties, plaintiff as well as defendant, to treat the action of the trial court as though it had dismissed the action, or granted a nonsuit on the ground that plaintiff had failed to prove a sufficient case to the jury.   It said: " The code of civil procedure contem-

plates that the substance and not the mere form of judicial procedure shall be regarded as determining the rights of parties. Hence we shall review this cause according to the intention of the parties, as above stated, since it is obvious that the ends of justice will be thereby accomplished." In the case at bar the circumstances were not such as to indicate it to have been the intention or expectation of the parties or either of them to treat the action of the court in granting a new trial as a final disposition of the cause. On the contrary, they clearly indicate the reverse. It is apparent from plaintiff's long acquiescence in the order of the court, —until after two terms had elapsed, and the case had again been called for trial during the third succeeding term,—that the plaintiff herself had originally no expectation other than of having a new trial. And there is not the slightest evidence of any other intention or anticipation on the part of the defendant. It is unnecessary, however, in this case to further discuss this question, or seek to determine which side is supported by the weight of authority. Whatever may be the conclusion in this respect, there is an overwhelming weight of authority to the effect that an appellate court will not interfere with an order of the trial court granting a new trial, unless it is first clearly made to appear that there has been a manifest and gross abuse of discretion. *Mullen v. Reinig,* 68 Wis. 410; *Oullahan v. Starbuck,* 21 Cal. 415; *Grening v. Malcom,* 83 Hun, 9;. *Wilson v. City of Atlanta,* 60 Ga. 473; *Barner et al. v. Bayliss et al.,* 134 Ind. 600; *Peebles v. Peebles,* 77 Ia. 11. In the case at bar, we are not advised by the record upon what particular point the court relied to grant a new trial, and no abuse of discretion is shown. Counsel for plaintiff says that there was no conflict of evidence upon what he designates as the material facts involved, but even if this be true, the court may have considered that the evidence was insufficient to justify the verdict, which was one of the grounds of the motion for a new trial, and even though we might disagree with the court in this conclusion, it would not authorize this court to find that

there had been such an abuse of discretion in awarding a new trial as to warrant it in holding that such action of the trial court was reversible error. In *Oullahan v. Starbuck, supra,* Chief Justice Field said, " It is not enough, however, to authorize any interference with the action of the court below, either in granting or refusing a new trial for alleged insufficiency of the evidence, that the appellate court judging from the evidence as it is reduced to writing, would have come to a different conclusion. The court before which the witnesses are examined is generally better qualified to determine the propriety of granting or refusing a new trial on this ground than any appellate court, and its action in this respect will not be disturbed except for the most cogent reasons." As we view the evidence which is preserved in the bill of exceptions presented to us, however, there is some conflict as to material facts, not, possibly, sufficient to justify this court in a judgment of reversal if the trial court had denied the motion for a new trial, but amply sufficient to relieve the trial court from the charge of abuse of discretion in sustaining the motion. There was some evidence given by the witnesses on behalf of plaintiff which tended to show that the injuries resulted from the negligence of coemployees for which the defendant was not liable, and this was one of the grounds recited in the motion for a new trial.

Aside from and irrespective, however, of these questions which we have discussed, there is another which in our opinion is fatal to the contention of plaintiff. There is properly before us for consideration only the record of the proceedings in the cause at the May term of the court. It was to this judgment of the court the plaintiff sued out a writ of error, and it is this judgment alone, and the record thereon, which is ·brought before us. The contention of plaintiff that the evidence had at the trial of the cause at a former term, may be incorporated into the bill of exceptions in this cause, is not correct. It is not supported by any of the authorities which he cites. *Kansas Pacific v. Twomby,* 2 Colo. 539; *Stocking v. Morey,* 14 Colo. 317 ; *Cowan v. Cowan,* 16 Colo.

335. These cases simply go to the extent that where a motion for a new trial is not decided until a term subsequent to the term when it was made and when trial was had, then in case of appeal the bill of exceptions may properly include all of the evidence given at the trial. This, it will be readily seen, involves quite a different principle from that in the case at bar. Here the motion for a new trial was determined at the same term at which the trial was had. There was no effort by the plaintiff then to preserve any right to have either the evidence or the proceedings in this trial reviewed by an appellate court. The question is, we think, definitely and positively settled by our supreme court in *Brown v. The State*, 5 Colo. 499. In that case, at the January term of the district court a judgment of nonsuit was entered, and thereupon plaintiff gave notice of a motion for a new trial. At the succeeding March term, this motion was heard and the new trial granted. Afterwards, at a term of the court to which the venue of the cause had been changed, a trial was had and resulted in a judgment for plaintiff, and from this judgment, an appeal was taken. The court, speaking through Judge Elbert, said, "If there was error in vacating the judgment of nonsuit and granting a new trial, it was an error occurring in the former trial, the record of which is not before us. If an error was allowed, it would go to a judgment other than the one appealed from. The pleadings in the case and the proceedings on the new trial constitute the record we are reviewing. An error occurring in the former trial must be reached in some other way." We are clearly of opinion, therefore, that the record in this cause at the May term of the trial court is the only one which is properly before us, and the only one which we can consider.

At this last mentioned term, the plaintiff declined to prosecute her case, and therefore the court had no alternative but to do as it did, render a judgment of dismissal with costs against the plaintiff. It is true the plaintiff announced she stood upon the record as made, but there was no record in the court upon which she could stand. The record was that

of another trial, at another term. We cannot see the force of plaintiff's contention that this judgment, even though rendered upon the formal motion of defendant, was in the nature of an involuntary nonsuit. The plaintiff declined to proceed, refusing to offer any evidence, although the burden of proof was upon her to make out her case, and the judgment was therefore clearly in the nature of a voluntary nonsuit.

For these reasons we are of opinion that the judgment should be affirmed, and it will be so ordered.

*Affirmed.*