[No. 4312.]

LOLOFF v. STERLING.

1. **Eminent Domain—Appellate Practice—Evidence—Exceptions —Motion for New Trial.**

The code provisions relating to appeals govern appeals to the supreme court in proceedings under the eminent domain act. And where in such proceeding objections have been made and exceptions taken to the rulings of the trial court upon the admission and rejection of testimony, such rulings may be reviewed on appeal, although the errors assigned to them may not have been incorporated in a motion for a new trial, and the failure to insert such rulings as error, in a motion that is filed, does not, of itself, operate as an abandonment of them upon a review of the judgment.

2. **Eminent Domain—Measure of Damages—Evidence—Sales of Land Similarly Situated.**

In a proceeding to condemn land under the eminent domain act, evidence of sales of lands similarly situated is admissible as tending to establish the value of the land in controversy.

3. **Eminent Domain—Reservoir Sites—Measure of Damage— Seepage—Expert Testimony.**

In a proceeding to condemn land for a reservoir site, where expert witnesses on both sides had testified as to the probable damage to the residue of the land from subsequent seepage and leakage of water from the reservoir, it was error to refuse to permit the land owner, who qualified as an expert, and had intimate knowledge of the character of the soil, to give his opinion as to such probable damage.

4. **Eminent Domain—Measure of Damage—Evidence—Offers of Purchase or Sale.**

In a proceeding to condemn land under the eminent domain act, offers of sale or purchase of similar land in the neighborhood is not admissible as tending to fix the value of land in controversy, but such evidence must be limited to actual sales.

5. **Appellate Practice—Evidence—Prejudicial Error.**

Where error has been committed in the admission or rejection of evidence, unless it clearly appears that no prejudice could have resulted, a reversal should be had.

6. **Eminent Domain—Practice—Suspension of Trial—Using Same Jury in Other Case.**

In a proceeding to condemn land under the eminent domain act, the court suspended the trial and took from the box the mem-

bers composing the jury and empanelled them as another jury to try a divorce case. Held not reversible error in the absence of a showing of prejudice, but the practice is disapproved.

*Appeal from the District Court of Weld County.*

This is an action under the eminent domain act to acquire by condemnation a site for a reservoir for storing water to irrigate farm lands. The cause was tried before a jury, and from its award and the judgment thereupon entered by the court the land-owner has brought the case here by appeal.

Messrs. GARRIGUES & SMITH, for appellant.

Mr. H. N. HAYNES, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

1. Appellee questions the right of appellant to be heard upon certain errors assigned because they were not included in his motion for a new trial. The point made is that if a party neglects to bring before the trial court, by his motion for a new trial, where the case is tried before a jury, the grounds which might there have been urged for granting a new trial, he may not thereafter, upon a review of the judgment rendered against him, be heard upon such omitted matters. The argument is based, in part at least, upon the proposition that the code provisions relating to appeals, which apparently are against appellee's contention, do not apply to a proceeding under the eminent domain act, which is a special proceeding, complete in itself, and which does not in express terms authorize a review of the objections here presented.

This position is not tenable. Section 13 of that act (Mills' Ann. Stats., sec. 1727) declares that an appeal may be taken to the supreme court in the same

manner as provided by law for taking appeals from the district to the supreme court. The code provisions on that subject, therefore, govern.

The question then is whether appellant, having failed to embody in a motion for a new trial certain questions which he asks this court to consider, is in a position to be heard upon them. Section 393 of the code provides that a motion for a new trial shall not be necessary to enable the supreme court to review the judgment and orders of the inferior court, where the matters alleged as errors have once been passed upon by such court against exceptions made at the proper time. Under our practice as it existed before the adoption of the civil code, rulings of the court at the trial in receiving and rejecting testimony—although it was proper to present them for consideration in the court where the cause was tried upon a motion for a new trial—could not be reviewed in the supreme court upon such motion; but to entitle the defeated party to a review in this court of errors assigned to such rulings exceptions must be reserved at the time and brought into the court by a bill of exceptions settled and sealed, and might thus be reviewed, though not incorporated in a motion for a new trial.—*K. P. Ry. Co. v. Twombly's Admx.,* 2 Colo. 559. In *Brown v. Willoughby,* 5 Colo. 1, 8, it was said that although the supreme court may not review the evidence unless a party has appealed from an order denying a motion for a new trial, yet any error of law in permitting or excluding testimony may be reviewed upon an appeal when the ruling is made a part of the record by bill of exceptions, and where objections were made and exceptions preserved at the time of the trial. For other cases see Mills' Ann. Code, p. 669, notes 26, 27, 28, 30, and p. 664, note 46.

In *Cowan v. Cowan,* 16 Colo. 335, 337, decided

after the code was in force, it was held that it was not necessary to preserve a formal exception to the overruling of a motion for a new trial in order to a review of the rulings of the trial court upon the admission and rejection of testimony. So the code seems not to have changed the former practice in this respect.

It will be observed, however, that this distinction has been made, that in order for a defeated party to obtain a review of a judgment upon the alleged insufficiency of the evidence he must have made a motion for a new trial upon that ground, and had an adverse ruling of the court upon it, because only in that way would the trial court have an opportunity to pass upon that particular objection. But where objections have been made and exceptions taken to the rulings of the trial court upon the admission and rejection of testimony, such rulings may be reviewed, although the errors assigned to them may not have been incorporated in a motion for a new trial, and thus passed upon by the trial court, for having once had an opportunity to pass upon the questions, and its attention having been specifically called thereto at the trial, there is no imperative reason why its attention should again be arrested by a motion for a new trial containing such assignments, before an appellate court will consider them upon a review. The mere failure to insert, in a motion for a new trial which is filed, such grounds as errors, does not, of itself, operate as an abandonment of them upon a review of the judgment, provided, of course, the questions are otherwise properly preserved. A different practice prevails in some of the states, as counsel for appellee has pointed out in his brief, but this court seems to be committed to the practice observed by appellant. A reviewing court probably would, and should, look with disfavor upon errors assigned to

rulings upon evidence when the defeated party has not incorporated them in his motion for a new trial, yet such a proceeding is not a necessary condition precedent to a review by the appellate tribunal. We, therefore, proceed to consider the errors which have been argued.

2. The trial court refused to permit the landowner to prove sales of property similarly situated to his own. This evidence was sought to be elicited on the ground that it is some criterion of the value of the land taken, which though not conclusive, is competent evidence, whose weight and sufficiency were for the jury to determine. The court did not reject the evidence upon the ground that the situation and conditions surrounding the land were not sufficiently similar. In other words, its discretion in passing upon that phase of the question was not involved, for the trial judge specifically ruled against the offer upon the ground that such evidence was incompetent and immaterial, and petitioner's objection thereto was sustained upon that ground.

There are two lines of decisions upon evidence of this character, one spoken of in the books as the Massachusetts doctrine, which is in favor of its admissibility; the other as the New York doctrine, against it. The cases are collated in 2 Lewis on Eminent Domain ('2d ed.), § 443. Without entering into a discussion of the question, we think the decided weight of authority, as well as reason, is in favor of its admissibility. There is force in the objection usually made thereto that it raises collateral issues, and in certain cases may prolong a trial by causing an investigation of similar sales, yet the disadvantages arising therefrom are more than compensated by the benefits which are likely to come to the jury from its reception.

3.   In the case of *D. C. I. & W. Co. v. Middaugh,* 12 Colo. 434, this court reached the conclusion that in a condemnation proceeding under the statute to acquire a reservoir site all damages, present or prospective, that are a natural or reasonable incident of the improvement must be assessed and included in the award, not including, however, such as may arise from negligent or unskillful construction or use thereof.   In *Home Supply Ditch Co. v. Hamlin,* 6 Colo. App. 341, in the original opinion written by Mr. Justice Reed, this case is discussed, its authority recognized, and an attempt made to distinguish it from the case then under consideration.   Whether successfully or not, is not important here.   The doctrine then announced is the law in this jurisdiction, as Mr. Justice Thomson clearly shows in his opinion on rehearing.

The parties here do not question the doctrine of the Middaugh case.   Appellant, however, contends that the trial court improperly limited him in the introduction of evidence as to the probability of damages to the residue of his property from subsequent seepage and leakage of water from the reservoir which petitioner was seeking to acquire.   Expert witnesses on both sides testified with respect to such probability, and the land-owner himself, when upon the stand, was asked by his counsel to give his opinion as to the likelihood of the reservoir seeping and damaging the land.   The objection was sustained upon the ground that such testimony was incompetent and immaterial.

We think this evidence should have been admitted, and the witness allowed to state his opinion based upon the facts to which he had already testified. He qualified as an expert, and it may be that the jury would have given more weight to his testimony and

his opinion on account of his intimate knowledge of the land in question and the character of the soil than they would to the opinions of the expert witnesses who were permitted to testify, but who were not so well acquainted with the surrounding conditions. Such testimony received the sanction of this court in the case of *Denver, etc., R. R. Co. v. Griffith,* 17 Colo. 598. It seems from the authorities that in cases of this sort there is allowed more latitude in the admission of testimony as to values of land sought to be taken and as to the resulting damages to other lands owned by respondent than prevails in ordinary civil actions. Cases sustaining this rule are collated in 2 Lewis on Eminent Domain (2d ed.), p. 947.

They are not unanimous as to whether a witness may give his opinion as to the amount of damages to the residue of the land, but they all seem to say that he may state his opinion as to its value before, and its value after, the taking, and leave to the jury the mathematical computation of the amount of damages suffered. In principle, there is no difference between such testimony and testimony of a witness who makes the calculation for himself upon the data which he gives. 2 Lewis on Eminent Domain (2d ed.), § 436. We do not understand that counsel in this case differ as to this last point.

4. There are some authorities which allow to be received in evidence *bona fide* cash offers of sale and offers of purchase of similar land in the neighborhood. We think, however, that evidence of this character should be limited to actual sales, if any such have been had. Such cases as *Muller v. So. Pac. R. R. Co.,* 83 Cala. 240, and *City of Grand Rapids v. Luce, et al.,* 92 Mich. 92, which recognize the admissibility of such evidence, though by courts of high respectability, we think should not be followed. The safer rule is that laid down in section 446 of the

second edition of 2 Lewis on Eminent Domain, holding to the contrary.

5.   Learned counsel for appellee conceding, for the purpose of argument merely, that the trial court may have been in error in refusing the offers of evidence to which we have referred and concerning which we have held there was error, asserts that it was error without prejudice, because respondent was permitted to introduce evidence of other witnesses and of other kinds which accomplished the same purpose that the excluded evidence would had it been admitted.   We are not impressed with this argument. When error has been committed in the admission or rejection of evidence, unless it clearly appears that no prejudice could have resulted, a reversal should be had.

6.   The court suspended the trial of the proceeding and took from the box the members composing the jury and empanelled them as another jury to try a divorce case, which action appellant says was prejudicial to him.   It does not appear how long this trial was thus discontinued or how much time the divorce trial consumed, nor are any particulars given except the mere statement that such action was had.   We do not commend it, on the contrary it meets with our disapproval; but we cannot say in this case that appellant has been prejudiced by it.   Such action, however, might work an injury sufficient to cause a reversal of a judgment at the instance of a party thereby aggrieved, and trial courts should not incur that risk.

Considering the entire record, we are satisfied that the errors committed in the rejection of testimony offered by appellant necessitate a reversal, and that respondent's property should not be taken from him until he has had full opportunity to produce all

his legitimate evidence as to the value of that taken and the damages to the residue.

The judgment is reversed and the cause remanded.

*Reversed.*