# PIELA *v.* THE PEOPLE.

*(Supreme Court of Colorado, December Term, 1882---Appeal from Clear Creek County District Court.)*

1.  EVIDENCE—RES GÆSTA.   In an indictment for assaulting J. with intent to murder, it may be proven, as part of the *res gæsta*, that the accused at the same time, and as part of the same transaction, also assaulted and wounded S.

2.  SAME—EXCEPTIONS.   The Supreme Court will not consider errors assigned as to the admission of evidence, unless the same is objected to and exception taken in the Court below.

3.  INSTRUCTIONS—NEWLY DISCOVERED EVIDENCE.   It is not proper to instruct the jury upon an hypothesis not warranted by the testimony. New trial will not be granted on the ground of newly discovered evidence which is merely cumulative, or the production of which is uncertain.

HELM, J.   The indictment in this case charges defendant with the crime of assaulting *one Johnson* with intent to murder him.   The evidence shows that defendant delivered several blows with a knife, and at the same time also wounded one Sahlberg.

A number of witnesses for the prosecution, in describing the transaction, made statements concerning the injury inflicted upon Sahlberg.   The admission of these statements is the first error assigned.

We think the evidence was proper.   The striking of the blow which wounded Sahlberg may be termed part of the *res gæsta;* it would be difficult for witnesses to describe the transaction without speaking of this act.   Defendant assaulted both Johnson and Sahlberg at the same instant, and the injuries inflicted upon them followed each other as quickly as the two consecutive motions of the arm could be made.   The jury were entitled to view the attack upon Johnson in the light of all the acts and circumstances attending the same.

But one weapon was used in wounding both men; it was not produced upon the trial; witnesses saw the blade but could not accurately describe it; and evidence as to the kind of injury, and extent thereof, inflicted upon Sahlberg tended to establish the character of that weapon; to show that it was a dangerous and deadly one; a weapon which defendant would hardly have used in the manner he did in assaulting Johnson, without intending to take his life.

But this assignment of error should be overruled for another reason. The record discloses the fact that, with one exception, not a single objection was interposed by defendant to the introduction of this testimony, and no ruling of the Court was obtained thereon. The exception above mentioned was an objection to testimony which proved perfectly harmless. Had the evidence been illegal, defendant, by failing to interpose objection in some way at the trial, would be considered as having waived the same; he could not now be heard to complain. (Powell on Appellate Proceedings, 195; *Hoppie* v. *Best et al.*, 4 Colo., 555; *Wasson* v. *Dyer*, 3 Colo., 198; *Ewell* v. *State*, 27 Am. Dec's, 480.) This evidence is not within any of the recognized exceptions to the foregoing rule.

The third assignment is based upon the admission of the testimony of witnesses Townsend and De Votie concerning the finding of a knife stained with blood. We think there was no error in admitting the evidence; but it is sufficient for us to say that no objections or exceptions were taken or preserved by defendant to this evidence at the trial, and the rule recognized in discussing the last foregoing assignment applies equally to this one. See cases cited *supra.*

The fourth assignment rests upon the Court's refusal to give the following instruction, asked by defendant:

"Although, from the evidence, you may be convinced that either defendant or one of his companions made the assault complained of, yet if, from the evidence, it is uncertain whether defendant or others did the cutting, you should acquit."

No evidence was introduced or offered to show that any person present at the time of the affray, save the defendant, possessed or used or attempted to use a knife. There was direct and positive testimony to the effect that defendant did use such weapon, and did inflict the wound. Defendant himself, though sworn as a witness, in no way contradicts this testimony. There was, therefore, nothing upon which to base the instruction; it could only have misled the jury; and the Court would have erred had he not refused to give it.

The newly discovered evidence upon which the fifth assignment rests was almost entirely cumulative, or improper. But one affidavit was filed in support of this part of defendant's

motion for a new trial, and in this affidavit, affiant states what two men had reported to him that a third—Dunn by name—had said to them concerning the affray. Strenuous efforts to discover the whereabouts of Dunn had been made, and had proved fruitless; and there was no reasonable certainty of his being discovered and produced upon a re-trial of the cause if one were allowed.

The Court could not well grant a new trial upon such a showing as this, even if the evidence were proper, and not merely cumulative. Its existence was too uncertain; Dunn may not have witnessed the affray; he may have made no declarations on the subject; the persons reporting him may have misunderstood his language or failed to comprehend its meaning; and if actually offered and admitted upon another trial, we cannot say that it "ought to produce an opposite result on the merits." 3 Wharton's Crim. Law (7 Ed.), Section 3334, cases cited in note *i*; *Moore* v. *The Phila. Bank*, 5 Serg. & Rawle, 41.

These are all the assignments we deem it important to discuss. The trial was carefully conducted throughout; it was unusually free from errors, and the verdict was fully justified by the evidence.

The judgment will be affirmed.

*Affirmed.*

*W. T. Hughes*, for plaintiff in error.
*Alpheus Wright*, for defendant in error.