[No. 3848.]

LIGGETT v. THE POEPLE.

1. CONSTITUTIONAL LAW—INTOXICATING LIQUORS—LICENSE.

Section 1346, 3 Mills' Ann. Stats., entitled "An act prescribing a penalty for the sale of malt, vinous or spirituous liquors without having a license therefor and repealing certain acts in conflict therewith," which act increased the penalty for the offense over what was prescribed by former statute and increased the minimum quantity of liquor that might be sold without license from one quart to one gallon, is not in violation of section 21, article 5, of the constitution providing that, "No bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in the title."

2. INTOXICATING LIQUORS—SALE WITHOUT LICENSE—MEDICINAL PURPOSE—MOTION FOR NEW TRIAL.

Upon conviction under section 1346, 3 Mills' Ann. Stats., for selling liquor without license, a motion for a new trial on the ground of surprise and for new evidence to show that the liquor was sold for medicinal purposes, whereas the evidence of the prosecution was to the effect that it was sold as a beverage, was properly overruled since the fact that it was sold for medicinal purposes was no defense to the prosecution.

3. INSTRUCTIONS—EXCEPTIONS—APPELLATE PRACTICE.

Where instructions are given as a general charge and the exceptions are only general in their character, the party excepting is not in position to urge his objections on appeal or error.

4. INTOXICATING LIQUORS—LICENSE—BURDEN OF PROOF.

In a prosecution for selling intoxicating liquor without license, it is not incumbent on the prosecution to prove that the defendant has no license, but, the sale being proved, the burden is upon the defendant to show as a matter of defense that he has a legal license.

5. RULES OF TRIAL COURT—JUDICIAL NOTICE—APPELLATE PRACTICE.

The appellate court will not take judicial notice of the rules of the trial court. Except in cases of manifest error, the construction of its own rules by a court of original jurisdiction is conclusive upon an appellate tribunal.

6. INFORMATIONS—LEAVE TO FILE.

It is not necessary that an information should show upon its face that the necessary affidavit had been filed or that leave of court had been obtained for filing such information.

7. APPELLATE PRACTICE IN CRIMINAL CASES—PRELIMINARY HEARINGS—PRESUMPTIONS.

On appeal from a conviction in a criminal case, in the absence of any showing to the contrary the court will assume that there was a preliminary hearing.

*Error to the District Court of Costilla County.*

Mr. C. A. MERRIMAN and Messrs. ROBINSON & LOVE, for plaintiff in error.

The Attorney General and Mr. CALVIN E. REED, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Upon an information filed in the district court of Costilla county charging him with the sale of spirituous liquors in less quantity than one gallon without having a legal license therefor, the defendant was tried before a jury, convicted and adjudged to pay a fine and costs, and from the judgment comes here on error.

The errors assigned and argued are: (1) the trial court im-

properly overruled the defendant's motion to quash the information; (2) contrary to the rules of that court, the defendant, against his objection, was forced to trial before the expiration of the time given him thereby in which to prepare for trial; (3) the court erred in its instructions to the jury; (4) the court erred in denying defendant's application for a new trial made upon the ground of surprise and newly discovered evidence; (5) the statute upon which the prosecution is based is unconstitutional in that it violates section 21 of article 5.

Taking up these questions in inverse order, we proceed to their consideration.

1. The section of the constitution said to be violated prohibits the general assembly from passing a bill, except general appropriation bills, containing more than one subject, which subject shall be clearly expressed in the title. The title of the act in question reads, "An act prescribing a penalty for the sale of malt, vinous or spirituous liquors without having a license therefor and repealing certain acts in conflict therewith." Session Laws, 1891, p. 259 (3 Mills' Ann. Stats. sec. 1346). Previous to the passage of this act the penalty for a sale of liquor in a quantity less than one quart without a license was a fine of not less than $50.00 and not more than $200 for each offense. 2 Mills' Ann. Stats. sec. 2835 (Gen. Stats. 1883, sec. 2108).

In the body of the act which we are considering the penalty was increased and made not less than $100, nor more than $500, for each offense, and the quantity of liquor forbidden to be sold without a license was increased from one quart, as fixed in the previous law, to one gallon.

The particular point sought to be made is that there is only one subject expressed in the title, and that is the penalty for the kind of selling previously prohibited. The act, it is said, goes beyond that subject and makes an offense of something that was not theretofore an offense under the prior act. In support of the contention we are cited to *State v. Persinger*, 76 Mo. 346. There the title was "An act to change the

penalty for disturbances of the peace." In the body of the statute an attempt was made to make punishable as a disturbance of the peace an act which was not an offense under the prior law defining what acts constitute such offenses. This attempt was held abortive, and the reason given was that the only subject in the title of the new act was the *changing* of the penalty for an existing offense; and as the act went further, and not only made a change in that penalty but amended a prior law by adding thereto a new offense, it was contrary to the provision of the constitution of Missouri (which is substantially like our own), in that the title embraced only a change of penalty.

But the title of our act is quite different. It is not to change an existing penalty, but it prescribes, that is, establishes, ordains, a penalty for the sale of liquors without having a license therefor. It is merely equivalent to a title reading, "An act providing a punishment for the sale of liquors without a license." Under such a title it cannot be said that the general assembly may not, irrespective of any previous, or in the absence of any, legislation on that subject, by prescribing a penalty for doing the act, prohibit the sale of liquors in any quantity it might specify, unless a license therefor should be procured. Prescribing a penalty for doing a certain thing of itself usually makes the doing of that thing an offense. Bishop on Stat. Crimes (2d ed.) § 254; *Williams v. Tappan*, 23 N. H. 385, 391; Endlich on Int. of Statutes, § 450.

In the title of the Missouri act the legislature limited itself to the changing of a penalty for an existing offense; such, however, evidently was not the intention of our general assembly, and in employing the language found in the title to our act no such limitation is imposed.

It would seem unnecessary to fortify by argument the proposition that prescribing a penalty for the sale of liquors without a license is a different thing and much broader in its meaning than a title merely changing the penalty for an existing misdemeanor. In the latter case the title presupposes

an existing offense to which the change is applicable; in the former it is broad enough to comprehend the creation of a new offense to which the penalty prescribed relates.

2. The overruling of the motion for a new trial upon the ground of newly discovered evidence and surprise of the defendant at the trial was right. Had sufficient diligence been employed by the defendant, it might well be that he could have secured before the trial the testimony which he alleges he has since discovered. It is true an application for a continuance was made for the purpose of securing the testimony of the witness Lane, but it was not made until after the jury was empaneled, and no sufficient showing was made therefor. The affidavits in support of this motion are defective in various particulars. As we have said already, due diligence of the defendant was not shown, nor is there any reasonable certainty that the new evidence could be produced at a second trial. Neither is the residence of the witnesses shown, and, at best, the evidence found is merely cumulative.

In so far as the motion was based upon surprise, it is altogether insufficient. The defendant wished to show, by additional evidence that the liquor was sold for medicinal purposes, whereas that for the people was to the effect that it was sold as a beverage, and he was surprised thereat; but we have held in *Chipman v. The People*, 24 Colo. 520, that a sale for medicinal purposes without a license is no defense under this statute.

3. In the state of the record, the defendant is not in a position to urge any objections to the instructions. They were given as a general charge, and the exception taken was only general in its character. But if we consider upon its merits the objection urged in argument, it will be found that there is nothing in it. The decided weight of authority is against defendant's contention that it is incumbent upon the prosecution to show that the defendant did not have a license. The sale being proved, it devolves upon the defendant, as a matter of defense, to show that he had a legal license. The authorities will be found collected in Black on Intoxicating Liquors, § 507, and Bishop on Statutory Crimes (2d ed.), § 1051.

4. Whether or not the defendant was forced to trial sooner than the rules of the district court required, we cannot determine. This court does not take judicial notice of the rules of the district court, and, so far as we can determine, it was not shown that they were adopted by the trial court or entered of record, nor are they certified up. Did not the record contain a suggestion that there was some such rule as defendant claims the benefit of, we would go no further. *Kindel v. Le Bert*, 23 Colo. 385.

We find, however, in the record a recital to the effect that the district court decided that the defendant had not been put to trial until the time fixed therefor by the rules of the court had passed after a copy of the list of jurors had been served upon him. If we should infer from this that the rules of the court required a certain time to elapse after the service of such copy before the defendant could be brought to trial, we must be controlled by the finding of the trial court that the time required had elapsed, since there is no contrary showing. In addition to this, it may be remarked that, except in cases of manifest error, the construction of its own rules by a court of original jurisdiction is, in general, conclusive upon an appellate tribunal. 4 Am. & Eng. Ency. of Law, 451; 8 Am. & Eng. Ency. of Law (2d ed.), 31.

5. Under this head it is said that it does not definitely appear upon the face of the information that the necessary affidavit had been filed or that leave of court for filing the information had been obtained. There is no requirement of the statute that the *face* of the information disclose such things. Leave of court was had for filing the information, and it also appears that the same was verified by the district attorney, upon information and belief, and by one Maxwell, who swore that the facts therein stated were true, and the offense was committed of his own personal knowledge. So far as we can ascertain from the imperfect abstract of the record, the verification of the information in the case at bar is in the same form as was the verification in the case of *Walker v. The People*, 22 Colo. 415, and it was there held sufficient.

We might dispose of this objection by saying, as was done in the case of *Brown v. The People*, 20 Colo. 161, that in the absence of any showing to the contrary, the court will assume that there was a preliminary hearing, and, if such was the case, the objection here made is without merit.

Perceiving no reversible error in the record, the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*