[No. 4383.]

HOLLAND v. THE PEOPLE.

**1.  Practice in Criminal Cases—Continuance.**

Where the defendant in a criminal case has had ample time to prepare for trial, in an application for continuance he must

set out fully and in detail, under oath, the facts relied upon to support the application.

**2.  Same.**

An application for a continuance in a criminal case which alleges that ten days before trial defendant was informed by the district attorney the case would be continued, but which shows that defendant knew four days before trial that it would be called for trial, and which does not show that any effort was made to be prepared for trial, and which fails to show who or where the witnesses are, for whom the continuance is asked, and which fails to show that defendant did not have all the witnesses present whom at that time he knew could give testimony material to his defense, is insufficient.

**3.  Evidence—Objections—Exceptions—Waiver.**

Unless an exception is taken and preserved to the ruling of the court on an objection to the admission of testimony, alleged errors based thereon will be considered waived.

**4.—New Trial—Newly Discovered Evidence—Sufficiency of Motion—Diligence.**

In an application for a new trial on the ground of newly discovered evidence, the mere abstract statement that by the exercise of reasonable diligence the testimony could not have been discovered in time to have been produced at the trial is insufficient.  There must be a showing as to what efforts were made to discover such testimony, or a showing sufficiently full and clear from which it may be inferred that by the exercise of reasonable diligence the testimony could not have been discovered in time.

**5.  Same.**

In an application for a new trial on the ground of newly discovered evidence, the fact that the materiality of the evidence was not known until the prosecuting witness testified at the trial is not a sufficient showing where the witnesses for whose evidence the new trial is sought reside in the city where the trial was had and no effort was made to procure their testimony at the trial, nor application made to the court for time to procure such testimony.

**6.  Practice  in  Criminal  Cases—Juries—Instructions—Exceptions.**

Where in a criminal case the jury-after being out some time was called in by the court and having stated that they could not agree and that the difference was a question of fact, the court in the presence of the defendant and his counsel proceeded to call their attention to the importance of the case and urge the

desirability of a decision by them, and then directed them to continue their consideration of the case, and the remarks of the court were such as, if incorrect, they could have been corrected, in the absence of an exception to such remarks the appellate court will not determine whether or not they were prejudicial.

**7.   Appellate Practice—Bills of Exception.**

Where the trial judge certifies a bill of exceptions, none of the matters therein stated can be contradicted by affidavit.

**8.   Practice in Criminal Cases—Presence of Defendant.**

A party being tried for a felony has the inherent right to be present at every stage of his trial when anything is being done which the jury must consider in determining his guilt or innocence.

**9.   Practice in Criminal Cases—Charging Jury—Intimidating Jury—Presence of Defendant.**

Where a jury in a criminal case after having been out considering a case for some time were brought into court and having announced that they had not yet agreed and that the difference was upon a question of fact, the judge stated that the jury were the sole judges of all questions of fact, and then proceeded to interrogate them as to whether they were being properly cared for and whether any one had attempted to intrude upon their deliberations or address them in regard to the case, and being answered in the negative directed the jury to again retire, it was not such a recharging of the jury as would require the presence of the defendant. Nor was the questioning of the jury by the court as to outside influence an intimidation of the jury.

**10.   Same.**

Where one is on trial accused of a felony, after the cause has been submitted to the jury, the only safe course for the trial court to pursue is to hold no communication with the jury except in the presence of the defendant and his counsel.

*Error to the District Court of Arapahoe County.*

Mr. Tom Herrington, Mr. Kenneth M. Laurrie, Mr. S. S. Abbott, and Mr. Thomas Ward, Jr., for plaintiff in error.

Mr. C. C. Post, Attorney General, Mr. James D. Merwin, Mr. George M. Post and Mr. C. A. Roberts, Assistants Attorney General, for the people.

Mr. Justice Gabbert delivered the opinion of the court.

Plaintiff in error has been convicted of the crime of larceny from the person of one Charles F. Wilson. From the sentence imposed he brings the case here for review.

The crime for which he has been convicted, it is said, was committed on the 14th day of February, 1901. It appears that an information charging him with the offense was filed before a justice of the peace; that a hearing was continued several times, and finally, without any examination, an information was filed in the district court on April 18th. Two days later the appearance of counsel in his behalf was entered, the defendant arraigned and pleaded not guilty, and the cause set for trial on June 20th. Later the cause was continued and set for trial on June 24th. On this date counsel for defendant moved orally for a continuance, which was refused. The record as made on that day does not disclose what reason was assigned in support of the continuance requested. In view of the length of time which had elapsed between the date of the arraignment of the defendant (at which time the cause was definitely set down for trial), and the date when the case was actually called for trial, there was certainly ample time for the defendant to prepare for the trial of the cause, and an application for a continuance in such circumstances should have set out fully and in detail, under oath, the facts relied upon in support of it.—*Chase v. People,* 2 Colo., 509. After conviction, and in support of a motion for a new trial, counsel for defendant filed an affidavit in which he stated, in substance, that about ten days prior to the time when the trial commenced, he had a conversation with the district attorney, and was informed by him the case would neither be tried nor dismissed, but would

be continued; that, acting on this information, he made no preparation in regard to the case. He states, however, that on the evening of the 20th of June, he was informed the case had been called for trial, and on the next morning went over to the West Side court, and found there was no court in session; that on the morning of the 24th he again called upon the district attorney, and inquired about the case, and was informed that it would be called for trial that morning, and that the district attorney then refused to consent to a continuance. He further states in this affidavit, that the above facts were related to the court at the time he made his oral application for a continuance, and were not denied by the district attorney, who was then present. The latter denies the existence of any arrangement between himself and counsel for defendant, as detailed in the affidavit referred to above; but it is not necessary to state in detail the matters set up in the affidavits filed in opposition to that made by counsel for defendant. Conceding that the affidavit filed by counsel for defendant may now be considered as supporting the application for continuance, it is wholly insufficient. If the statements made in this affidavit were called to the attention of the court at the time the application for a continuance was made, they did not disclose any abuse of discretion on the part of the court in denying it. Four days before the trial was actually commenced, counsel was informed that it had been called, and yet it does not appear that he made any effort whatever to be prepared for a trial four days later. Further than this, there is no statement as to who or where his witnesses were, and neither does it appear that at the trial he did not have all of the witnesses present whom at that time he knew could give testimony which was material to the defense.

Error is also assigned on the reception of testi-

mony introduced on behalf of the People. An objection was made by counsel for defendant to certain testimony, but no exception was taken to the action of the court in overruling the objection. Unless an exception to the ruling of a court on an objection to the introduction of testimony is taken and preserved, alleged errors based thereon will be considered waived. *Piela v. People,* 6 Colo., 343; *K. P. R. Co. v. Twombly's Admrx.,* 2 Colo., 559; *Cone v. Montgomery,* 25 Colo., 277.

The party claiming to have been robbed testified in substance that he had been given some drug by the defendant which almost instantly reduced him to a state of semi-consciousness, and while in this condition he was robbed. In support of the motion for a new trial, a number of affidavits are attached, which include the affidavits of several practicing physicians of the city of Denver. These physicians state that it is a physiological impossibility that the witness could have been affected in the manner stated by him by any drug, or combination of drugs, with which they are acquainted. Other affidavits filed tend, in some particulars, at least, to contradict the statements of this witness made at the trial. There is no showing whatever of diligence on the part of the defendant to procure the attendance of these parties at his trial, and neither is there any showing that by the exercise of reasonable diligence the testimony which they now claim is newly discovered could not have been ascertained before. The only statement in the affidavit in this respect is to the effect that the defendant could not, by the exercise of reasonable diligence, have discovered it in time to procure and present to the jury. It appears that all these witnesses resided in the city of Denver. The mere abstract statement that by the exercise of reasonable diligence the testimony could not have

been discovered is insufficient. There must be a showing as to what efforts were made to discover such testimony.—*Nesbit v. The People,* 19 Colo., 441; *Liggett v. The People,* 26 Colo., 364; 1 Bishop's New Criminal Procedure, § 1279;—or a showing sufficiently full and clear from which it may be inferred that by the exercise of reasonable diligence the testimony could not have been discovered in time to be produced at the trial. True, counsel for defendant urge upon our attention that they were not advised of the claim made by the prosecuting witness, that he had been drugged until after he made his statement to this effect at the trial. However this may be, there is no showing of any effort to ascertain from physicians whether his claim in this respect was true or not, nor is it claimed any application was made to the court for time within which to investigate this question.

It is claimed on behalf of counsel for defendant that the trial judge's actions during the trial were prejudicial to the accused. The judiciary, in the proper discharge of their duties, and the functions devolving upon them, should exercise patience in hearing and determining all matters involving the rights and liberties of those charged with the commission of crime. Fair and full opportunity must be afforded them to present their defense. From the position of a judge he may, by his actions, unconsciously exert an influence upon a jury so as to materially prejudice the rights and interests of one or the other of the litigants. By words or conduct, he may unintentionally inject into the jury box his own views regarding the merits of a cause. Jurors, either from an estimation of the abilities of a judge to determine the merits of a controversy, or as a means of escaping the responsibilities which they must discharge, are, no doubt, easily influenced by

the views which a judge may entertain with respect to the case on trial. No rule is better established than this, that the judge shall not invade the province of the jury, and if by word or action he does so, this rule is certainly violated. It is unnecessary to notice in detail the several matters pointed out by counsel in support of their contention that the action of the trial judge was prejudicial to the interests of the defendant. We have examined them with care, and while in some respects the action of the judge might be subject to criticism, we are satisfied that none of the matters of which they complain prejudicially affected the rights of the accused.

After the jury had been out about twenty-four hours they were brought in, and in the presence of the defendant and his counsel, were asked whether they had agreed upon a verdict, and upon the foreman answering in the negative, the court inquired whether the difference was a question of law or a question of fact, and upon being informed that it was a question of fact, the court stated, in substance, that they must determine the facts; that the case was an important one both to the defendant and the people; had been fairly tried upon both sides, and it was exceedingly to be desired by all parties, that the matter should be adjusted and solved. He further stated that each juror was, of course, entitled to his honest convictions, but that each should consult fairly and calmly one with the other and see, if possible, whether the differences might not be reconciled; that they should not be kept from agreeing by any mere pride of opinion, and it was their duty to discuss the case among themselves, calmly and dispassionately, and endeavor to reconcile the questions or differences consonant with justice and law, and their own manly, personal convictions, and thus determine, one way or the other, the issues in the case. He then directed that they should con-

tinue to consider the case, and remanded them for that purpose. No exception whatever was taken to these remarks; they do not appear to be of a character which, if incorrect, could not have been corrected; and we are, therefore, precluded from determining whether or not they were prejudicial. Both accused and his counsel were present, and if the remarks were objectionable, an exception should have been taken, and an opportunity given the trial judge to correct them. A party can not sit quietly by and permit error to be committed without objection, take the chances of a verdict in his favor, and then, after an adverse one, have it set aside on account of matters regarding which he was silent when he should have spoken. We suggest, however, that the practice of lecturing juries on the line adopted by the judge in this instance is not to be commended. It is fruitful of much harm. *State v. Tulip,* 60 Pac., 659. After a cause has been submitted to a jury, it is their peculiar province to determine the facts under the law as given them by the court. If the judge undertakes to do more than that which the law imposes upon him, namely, instruct the jury as to the law applicable to the case, he unnecessarily opens the door for the commission of errors, and often puts in the hands of the defeated party the means for setting aside a verdict which otherwise would not have been disturbed. There are ample opportunities for a trial judge to commit errors be he ever so learned and careful, when he confines himself strictly to the discharge of those duties which the law imposes upon him.

On the next day succeeding the remarks above referred to, the bailiff in attendance informed the court that one of the jurors desired the services of a physician. The jury were then brought into open court, but neither the defendant nor his attorneys were present. After some conversation with the ju-

ror who desired to consult a physician, the court inquired of the foreman whether the jury were then prepared to report, and the foreman stated they had not yet agreed. The court then asked whether the difference existing in the minds of the jury was upon questions of law or questions of fact, and upon being advised that it was upon a question of fact, stated that the jury were the sole judges of all questions of fact. The judge asked the jury whether they were being properly taken care of, and whether the bailiffs or any other person had sought to in any way intrude upon their deliberations, or to address them in reference to the case, and upon being informed by each and every juror that no person had in any manner spoken to them in reference to the case, the court directed the jury to again retire, which they then did.

The above is what occurred, according to the return made by the trial judge in the bill if exceptions. There is a dispute, however, as to what actually did occur at this time, with reference to the statements made by the judge to the jury, which counsel for the defendant have attempted to present and preserve by affidavits of several persons who were present at this time. It is urged that we should consider the statements in the affidavits rather than those of the trial judge, by virtue of the provisions of sec, 1477a, 3 Mills' Ann. Stats., which provides, *inter alia*:

"When any judge shall neglect or refuse to allow, sign, and seal such bill of exceptions, then it shall be lawful for the suitor, or his attorney, to make and attach to such bill of exceptions the affidavit of two or more attorneys of the court, or other persons who were present at the time of the trial, and when such exceptions were taken, stating that such bill of exceptions is correct and true, and when such bill of exceptions is * * * so attested and proved by

affidavit, it shall thereupon be filed by the clerk and shall become a part of the record of such cause.''

This provision is only applicable where the trial judge neglects or refuses to allow and sign a bill of exceptions purporting to recite what may have occurred with respect to any particular matter to which exceptions were taken. In other words, it does not apply where the judge himself does make a return with respect to such matters; otherwise, we would be required, when a dispute arose, as in this instance, to determine whether the version of the trial judge, or that stated in the affidavits, was correct; in fact, might be in the dilemma suggested by counsel for defendant in their brief, when they say, in presenting this question: ''Just what the trial judge did say no one knows.'' When the judge himself certifies to a bill of exceptions, none of the matters therein stated can be contradicted by affidavit.

The principal ground relied upon by counsel for defendant why the communication between the court and jury as certified by the judge constitutes reversible error is, that it took place in the absence of the accused and his attorneys, and that by this action the court re-charged and intimidated the jury. The general rule undoubtedly is, that a party being tried for a felony has the inherent right to be present at every stage of his trial, when anything is done which the jury must consider in determining his guilt or innocence. Re-charging a jury is a proceeding in the trial. Rigid as this rule may be, however, it has no application in this instance. Communications from the judge to the jury, in the absence of the accused and his counsel, which in no manner relate to matters which the jury must consider in determining their verdict, and which, therefore, do not and can not influence the verdict, is not a proceeding in the trial, and hence not prejudicial. In other words—it is only

when steps are taken relating to matters affecting his interest, which the jury are required to consider, that he must be present, because such proceedings constitute a substantial part of his trial. *Maurer v. The People,* 43 N. Y., 3; *Hopt v. People,* 110 U. S., 574; *Hooker v. Commonwealth,* 13 Grat., 763; *Roberts v. The State,* 111 Ind., 340.

The only statement made by the judge at this time which bears any semblance to a proposition of law, was to the effect that the jury were the sole judges of the facts. This statement was not intended as an instruction, but was merely assigned as a reason by the judge why he could not assist the jury in determining the facts, and it was so understood by them, and certainly could not have influenced the verdict in the least degree. When a jury comes into court, as in this instance, upon an errand which has no relation to the cause being considered, and a communication takes place between the court and jury which can not affect the verdict, the rule requiring the presence of the accused at all stages of his trial is not violated. *State v. Jones,* 29 S. C., 201; *Lawrence v. Commonwealth,* 30 Grat., 845; 1 Bishop's new Crim. Proc., § 273.

Counsel for defendant contend the court intimidated the jury at this time by intimating that outside influences were being exerted upon them, and that this was the reason they had failed to agree. The record does not support any such conclusion. All the judge did was to interrogate the jurors for the purpose of ascertaining whether or not any one was attempting to intrude upon their deliberations, or to address them in any way in reference to the case. He did not intimate they were being thus influenced, but simply sought to ascertain if any attempt was being made in this direction. Certainly

if the court had reason to believe that parties were seeking to communicate with the jury, it was his duty to at once take steps to not only ascertain this fact in order that parties guilty of such conduct might be apprehended, but that the jury should be protected from any such influence and insult. Merely because the judge discharged his duty in this respect, it can not be said that thereby the jurors were in any manner intimidated or threatened, or the judge intimated they had yielded to any improper influences.

In closing the discussion of this question, we deem it proper to particularly call the attention of trial judges to the fact that the law is very strict with respect to the right of one accused of a felony to be present when any communication takes place between the judge and the jury, after the cause has been submitted to the latter, and the only safe course to pursue is to hold no communication with the jury except in the presence of the accused and his counsel; otherwise it may become necessary for a court of review, in protecting the constitutional and inherent rights of those charged with the commission of a felony to be present at all stages of their trial, to set aside a verdict because the rule guaranteeing this right has not been strictly observed, and which, but for such action, would not have been disturbed.

No objection has been urged by counsel for defendant with respect to the insufficiency of the testimony to support the verdict, because they have recognized the well-established rule that where findings of fact by a jury are based upon conflicting evidence, they will not be disturbed, because the jury are the judges of the credibility of the witnesses. We have examined with some care, however, the testimony, and while there is a marked conflict in some respects, on

the whole, it is certainly sufficient to sustain the verdict of guilty returned against the accused.

The judgment of the district court is affirmed.

*Affirmed.*