## Byerley v. Commonwealth.

June 13, 1944.

J. E. Warren for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Claude Byerley was charged with the crime of arson. Upon his trial he was found guilty and his punishment fixed at two years in the reformatory. The grounds urged for reversal are: (1) The verdict is not supported by the evidence; and (2) Byerley's substantial rights were prejudiced by the trial judge entering the jury room after the case had been submitted to the jury and before a verdict had been reached.

Byerley was charged with burning the residence of

his close neighbor, Bishop Record. The evidence clearly established a motive, because on the day the house burned Byerley and Record had a disagreement about an application for gasoline for Record's car. Record had been riding to work with Byerley, but was planning to use his car for a while. Byerley would not sign his application for additional gas. When Byerley reported for work on the afternoon before the house burned he was refused entrance because he was drinking. The Commonwealth's evidence showed that Byerley said he knew who had reported him, referring to the fellow who had been riding with him, and saying he would beat hell out of him before the night was over. Mrs. Record testified that shortly before nine o'clock—about two hours before the fire—she heard someone in her yard and she looked out a window near her bed and saw a man with a leather cap on his head and she thought the person was Byerley. The Commonwealth's evidence showed also that Byerley had been wearing a cap such as the one described by Mrs. Record. He was seen lying in his yard around 8 P. M. He was the first person to reach the fire. Of course Byerley said he did not go near the Record home before the fire. He said also he went to bed about 8 P. M., but was in his kitchen drinking a bottle of beer when he heard the alarm. It was brought out in his evidence that Record had burned off his garden, which was a short distance to the southeast of his home, the afternoon of the fire and an old stump in the garden caught on fire and was smoldering during the night. It was his theory that sparks from this stump caused the fire. Further elaboration of the evidence would serve no useful purpose, since we have reached the conclusion, after a very careful examination thereof, that there was sufficient evidence to warrant the submission of the case to the jury.

The second ground urged for reversal presents rather an unusual situation. A very able judge tried this case, Judge L. L. Hindman. He died before the bill of exceptions was prepared. His successor approved the bill, which, as indicated heretofore, recites that Judge Hindman entered the jury room while the jury was considering Byerley's case. The record does not show what took place at that time.

Section 249 of the Criminal Code of Practice provides:

"After the jury retires for deliberation, if there be a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties." It is quite obvious that it was improper for the trial judge to enter the jury room while the deliberations were in progress. What transpired while he was in the room is not known, so the question is, Were the appellant's substantial rights prejudiced by the action?

The cases of Bentler v. Commonwealth, 143 Ky. 503, 136 S. W. 896, and Puckett v. Commonwealth, 200 Ky. 509, 255 S. W. 125, 129, 34 A. L. R. 96, involved similar questions. In both of those cases the record showed the trial judge entered the jury room without the defendant and conferred and advised with the jury. The Commonwealth contends those cases are distinguishable because the record in the present case does not show what actually transpired in the jury room while Judge Hindman was present. We think the judgment in the case at bar should be reversed. The opinion in the Puckett case sets forth that in the case of errors of a similar nature this Court should not stop to weigh probabilities or try to discover from the record whether they were or were not prejudicial, but should assume they amounted to such an invasion of the constitutional rights of the accused as to deprive him of a fair and impartial trial. The following quotation from the opinion is pertinent to the case at bar:

"We have been referred to no case in which it appears to have been held that a meeting and conference between court and jury in the privacy of the latter's room and in the absence of the defendant and his counsel did not constitute reversible error. It is not intimated by counsel for appellant that the trial judge, whose conduct in meeting and conferring with the jury in their room is here complained of, was actuated by any improper motive, nor is there anything appearing in the record that tends to impute to him such a motive; but the fact that in taking the action referred to his purpose was to advise and assist the jury in the performance of a duty with which they were charged did not clothe him with authority to deprive the appellant of a right guar-

anteed him both by the Constitution and statutes of the state; and, as the record fails to affirmatively show that the appellant was not thereby prejudiced in his substantial rights, we are constrained to hold that the action of the trial judge complained of must be declared reversible error.'' True it is the record does not show what transpired while Judge Hindman was in the jury room, but, according to the bill of exceptions, he did enter therein, and it is not to be presumed that his entry was without purpose. Clearly, it was in violation of Section 249 of the Criminal Code of Practice.

Under the circumstances, we feel that the judgment should be and it is reversed, with directions to set it aside, and for proceedings consistent with this opinion.