THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EUSEBIO SALDAÑA, Defendant and Appellant.

No. 11097. Argued March 5, 1946.—Decided May 27, 1946.

*Benicio Sánchez Castaño* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

Eusebio Saldaña appeals from a judgment sentencing him to seven years' imprisonment in the penitentiary for voluntary manslaughter.

The evidence for the prosecution showed that Saldaña, a weak, sick, and old man, shattered the skull of Alejandro Delgado by beating him with a piece of bamboo. That for the defense explained that Delgado, a young, strong, and insolent man with a violent temper, who for some time had been showing undue interest in Saldaña's young wife, to the extent that Saldaña had complained of it to the Justice of the Peace and to the Police, attempted to run off with Saldaña's wife in Saldaña's presence, carrying her out of the house by force, whereupon Saldaña intervened and struck him the blows which caused his death.

Sometime after the jury which heard the case had been deliberating, it informed the judge, through the bailiff, that it

desired to return to the courtroom since it could not agree. Counsel for the defendant was present and he asked the judge to grant the request of the jury, but the judge confined himself to instructing the bailiff to inform the jury to continue deliberating. A half-hour later the jury rendered its verdict finding the defendant guilty of voluntary manslaughter and recommended "the greatest mercy of the court in view of the attendant circumstances." Counsel for the defense requested that the verdict be set aside, because of what had happened when the jury reported that it could not agree, alleging that this brought about a verdict by compromise. The court denied the motion. Upon request of counsel for the defense the court proceeded to call the jurors, and they all answered that it was their verdict, three of them adding "with mercy."

The appellant assigns as error the action of the court in refusing to hear the jury in open court as to its disagreement, and in communicating with the jury through the bailiff not in open court.

The court erred, we think, in not consenting to the wishes of the jury to return to the courtroom, and in ordering the jury, in the informal manner in which it did, to continue deliberating. There should be no communication between the judge and the jury after the cause is submitted to their consideration, unless it be in open court and in the presence of the defendant and his counsel, or after having given them an ample opportunity to be present.[1] Shields v. United States, 273 U. S. 583, 71 L. ed. 787; Fillipon v. Albion Vein Slate Co., 250 U.S. 76, 63 L. ed. 853; Outlaw v. United States, 81 F. (2d) 805; Little v. United States, 73 F. (2d) 861; Byerley v. Commonwealth, 297 Ky. 782, 181 S.W. (2d) 429; State v. Beal, 146 P. (2d) 175 (N.M.); Hopson v. The State, 116 Ga. 90, 42 S.E. 412; Kinnemer v. State, 66 Ark. 206, 49 S.W. 815; State v. Wroth, 15 Wash. 621, 47 Pac. 106;

---

[1] Compare § 275 of the Code of Criminal Procedure.

*Jones* v. *State,* 26 Ohio St. 208; *Witt* v. *State,* 5 Coldw. (Tenn.) 11; *Holton* v. *State,* 2 Fla. 476; *Sargent* v. *Roberts et al.,* 1 Pick (Mass.) 337, 11 Am. Dec. 185. Whenever the court or any of its officers commits the error of communicating with the jury regarding the case [2] outside of the courtroom, the error is presumed to be prejudicial unless it is affirmatively shown that there has been no prejudice. *Wheaton* v. *United States,* 133 F. (2d) 522; *Chambers* v. *United States,* 237 F. 513. And if the communication between the judge and the jury is of such a nature that it forms a part of the proceedings,[2] the error of the court in holding it in the absence of the defendant and without giving him an opportunity to be present, is fatal, although the contents of the communication are not improper, since the defendant is deprived of his right to be present at all stages of the trial. *Shields* v. *United States, Outlaw* v. *United States,* and the cases of *Hopson, Kinnemer, Jones, Witt,* and *Holton, supra.*

In the *Hopson, Kinnemer, Jones,* and *Witt* cases, *supra,* the court repeated or reread the original charge to the jury, in open court but in the absence of the defendant, and the judgments were reversed because the defendant was deprived of his right to be present at all stages of the trial. In the *Holton* and *Outlaw* cases the same holding was made, the only difference between these and the other cases being, that instead of rereading the charge to the jury in open court, a copy of the charge was sent to the jury.

The case of *Shields* v. *United States, supra,* is not substantially different from the one under consideration. In that case counsel for both parties requested the judge not to discharge the jury until it should agree upon a verdict. After prolonged deliberation, the jury sent a written communication

---

[2] It is almost unnecessary to add that the rule to which we make reference is not applicable to those communications foreign to the case which are required for the comfort of the jury, such as those dealing with food and lodging for the jury. Nor is it applicable to communications authorized by law, such as the inquiry by the bailiff to the jury whether it has reached an agreement, which is authorized by § 267 of the Code of Criminal Procedure.

to the judge, in the ordinary form of a verdict, to the effect that it found some defendants guilty and others not guilty, and as to three of the defendants it was unable to agree. The judge sent back a written answer, that the jury must find whether or not those three defendants were guilty. Thereafter the jury rendered a verdict of guilty with a recommendation of mercy as to the three defendants. One of them appealed, and the Circuit Court affirmed the judgment. The United States Supreme Court reversed that decision, saying:

"... The request made to the court jointly by the counsel for the defendant and for the Government did not justify exception to the rule of orderly conduct of jury trial entitling the defendant, especially in a criminal case,[3] to be present from the time the jury is impaneled until its discharge after rendering the verdict."

The only case we know which is contrary to the rule established in *Shields* v. *United States, supra,* is the case of *Holland* v. *People,* 30 Colo. 94, 69 P. 519, in which one of the jurors announced that he desired the services of a physician. The jury was then brought into open court, in the absence of the defendant and his counsel, and as the judge later certified (no shorthand notes were taken of the occurrence), he asked the jury whether the difference existing among them was upon questions of law or questions of fact, and the jury stated that it was upon questions of fact. According to his certificate, the judge went on to inquire whether the bailiff or any other person had addressed them in reference to the case, to which they gave a negative answer, and the judge then directed the jury to retire to deliberate. The defendant presented affidavits to the effect that the certificate of the judge as to what had occurred was not correct, but it was

---

[3] In some jurisdictions it has been held that in civil cases the judge may instruct the jury in open court to continue deliberating, in the absence of the parties and their counsel, on the ground that it is the duty of counsel to be present in the court until the trial is ended. *Kullberg* v. *O'Donnell,* 33 N.E. (Mass.) 528; *Burton* v. *Neill,* 118 N.W. (Iowa) 302; *Ashford* v. *McKee,* 183 Ala. 620, 62 So. 879; *Hutchins* v. *Häffner,* 63 Colo. 365, 167 Pac. 966.

held that the affidavits could not be admitted since the certificate of the judge was conclusive. It was also held that this incident did not constitute a part of the proceedings, and hence it could not be asserted that the accused had been deprived of his right to be present at all stages of the trial. We do not agree with the doctrine thus laid down. The case precisely illustrates the seriousness of the prejudice caused to a defendant by communications between the judge and the jury in his absence. As was said in *State* v. *Wroth, supra,* a case in which the judge, at the request of the jury, went to the doorway to the jury room, where the jury requested him to repeat an instruction, and the judgment was reversed on that account, although the judge certified that he refused to communicate with the jury, and immediately withdrew:

"But learned counsel for the state insist that the judge said nothing to the jury, and hence his conduct could not have been prejudicial to the defendant. But the law does not subject parties litigant to the disadvantage of being required to accept the statement of even the judge as to what occurs between himself and the jury at a place where the judge has no right to be and where litigants cannot be required to attend. It is the lawful right of a party to have his cause tried in open court, with opportunity to be present and heard in respect to everything transacted. It is his right to be present and attended by counsel whenever it is found necessary or desirable for the court to communicate with the jury, and he is not required to depend upon the memory or sense of fairness of the judge as to what occurs between the judge and jury at any time or place, when he has no lawful right to be present. His right in this respect goes to the very substance of trial by jury."

It is true that in the case at bar, the judge did not communicate directly with the jury, but through the bailiff. This does not lessen the evil involved in private communication between the judge and the jury, but it rather increases it. There is no record of what the bailiff told the jury. In a case similar to the present, the manner in which the bailiff conveyed to the jury a communication from the judge, clearly

prejudiced the interests of the defendant, and brought about the reversal of the judgment. *Allen* v. *State* (Miss.), 159 So. 533.

We are not dealing, thus, with a slight deviation in procedure. Neither the rule established in the cases cited nor its application in the instant case is purely technical. When the jury reports that it can not agree, the case reaches one of its critical stages. Although the court has discretion to determine whether or not it should urge the jury to continue deliberating,[4] it should not do so without first hearing the jury in open court. It often happens, as might have occurred in the case at bar, that the disagreement in the jury is based on questions of fact or of law which, when the jury returns to open court and has had an opportunity to request or receive additional instructions, or to hear again the testimony of any witness, are cleared, thus eliminating the ground for the disagreement. And even if the conflict among the jurors can not be settled through additional instructions or reading of the testimony if the judge deems it proper to urge the jury to continue deliberating, he should do so in such a manner that the jury does not feel coerced. The defendant is entitled to be present when this crisis is reached, in order to see that the court, in meeting it does not prejudice his interests and to have an opportunity to request from the court such instructions as he may deem proper, and the modification of those which he considers improper. In the case at bar, the defendant was deprived of this right, and we can not say that the error was not prejudicial to him.

For the reasons stated the judgment appealed from should be reversed and the case remanded to the lower court for a new trial.

---

[4] *People* v. *Berdecia,* 59 P.R.R. 317.