James Howard **GOODMAN**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 2, 1968.

The first ground consists of an alleged improper invasion of the privacy of the jury room by the trial judge, with a potential of prejudicial effect.

The jury retired for deliberation at 2:30 p. m. on the day of the trial. Approximately one hour later the trial judge knocked on the door of the jury room and when the door was opened he was heard by persons in the courtroom to say that he would give the jury fifteen more minutes in which to deliberate. Counsel for appellant made an immediate objection and moved to discharge the jury, but his objection and motion were overruled. The jury did return its verdict within the next fifteen minutes.

Objections to the alleged improper invasion of the jury room were reasserted in a motion for a new trial. A hearing was conducted on the motion at which the foreman of the jury was interrogated. He testified that when the judge knocked on the door he came to the door by himself; the judge asked "if we were going to be able to come to a verdict, and I told him that I thought we were, that we had just about reached a verdict;" the judge then asked "Do you think you can finish it or come to a verdict in fifteen minutes?" and the foreman replied that he thought they could. It was not made clear by the foreman's testimony whether the other members of the jury heard the foreman's conversation with the judge.

Roy L. Steers, Franklin, Nathan Harsh, Gallatin, Tenn., for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., David Martin, Commonwealth's Atty., Franklin, for appellee.

CULLEN, Commissioner.

James Howard Goodman appeals from a judgment imposing a ten-year sentence for armed robbery. He asserts three grounds of error.

Under the holdings in Puckett v. Commonwealth, 200 Ky. 475, 255 S.W. 124, 125, 34 A.L.R. 96; Byerly v. Commonwealth, 297 Ky. 782, 181 S.W.2d 429, and Smith v. Commonwealth, Ky., 321 S.W.2d 786, the trial judge's actions here were improper. The only question, then, is whether they were prejudicial. The decisions in *Puckett* and *Byerly* seem to stand for the proposition that prejudice will be assumed in the absence of a showing that there *could not* have been any prejudice. Those decisions also say that this court will not stop to weigh probabilities or try to discov-

er whether there was in fact a prejudicial effect.

In the instant case the judge's actions could very well have been interpreted by the jurors as a direction to hasten or shorten their deliberations—to cease calm and mature consideration of the case and rush to a decision. The fact that the foreman said he did not himself so interpret the actions is not controlling, because we do not know what the other jurors thought. In fact, we do not know to what extent the other jurors heard or were informed of the conversation between the judge and the foreman. If they did not hear or were not properly informed there is no way to know what impression they received from the judge's appearance at the door. This points up the impropriety of a judge's talking with one juror out of the hearing of the others, even in the courtroom. See Harris v. Commonwealth, Ky., 411 S.W.2d 924.

The very fact that the trial judge felt it necessary to conduct a hearing to establish what happened and what was said illustrates the problem of determining whether or not prejudice could have occurred.

Certainly it has not been shown here that prejudice *could not* have resulted. Accordingly, we must hold that the error was prejudicial, such as to require a reversal of the judgment.

Appellant's second and third points relate to his alleged unlawful arrest in Tennessee and transportation to Kentucky for trial without compliance with the extradition laws. It is sufficient to quote the following universal rule:

"Where a person accused of crime is found in the territorial jurisdiction where he is charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or irregular extradition proceedings. * * *." 21 Am.Jur.2d, Criminal Law, Sec. 381, p. 401.

The judgment is reversed with directions to grant a new trial.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.