Charles David **JOHNSON**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 15, 1973.

Richard R. Slukich, Covington, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

On the 24th day of September, 1971, Larry Burgess was shot and killed by appellant, Charles David Johnson, while a patron at Al's Cottage in Southgate, Campbell County. Appellant was indicted and tried for the offense of murder; was convicted of involuntary manslaughter and given a sentence of eight years. From that judgment he appeals.

His first contention is that the trial court permitted the Commonwealth's attorney to ask questions of certain witnesses which called for conclusions and were therefore incompetent. In his brief he quotes the following portion of the transcript:

"Q. In the early morning of September 24, a man named Larry Burgess was killed in the bar—

Mr. Slukich: Objection.

The Court: Sustained.

Q. Do you remember a person named Larry Burgess being killed in the bar?

Mr. Slukich: Objection.

The Court: Same order. He can testify.

Mr. Slukich: It invades the province of the jury.

Q. Do you remember that occurrence.

A. Yes."

We have examined this testimony and do not believe appellant's contention has mer-

it. Certainly the fact that the Commonwealth's attorney referred to the incident as a killing could not be prejudicial since appellant admits that he killed Larry Burgess. In any event, we can not see how this invades the province of the jury on the issues involved. The only issue to be determined by the jury in this case was self-defense. It is impossible to conceive, in any way, how the questions now complained of prejudiced appellant or in any way prevented him from obtaining a fair trial upon this issue.

■■■ Appellant's next contention deals with the manner in which the trial court handled the jury after the case was submitted to them. It is first contended that the trial court improperly had a portion of the evidence read to the jury without reading the cross-examination. We find nothing wrong with this proceeding. The jury, through its foreman, requested that the testimony of certain witnesses be read. This was done by the court reporter to the point where the jury indicated that it had heard all that was necessary. We do not believe there was any duty upon the part of the trial judge to require the jury to hear evidence beyond the point where it had indicated that it was satisfied. As is so often the case appellant makes this point and cites no authority whatsoever for his position. The matter is covered by KRS 29.-304 which provides that the jury may, after they have retired for deliberation, request the court, in open court, to be informed as to any part of the testimony or point of law. The subject is covered in a lengthy annotation. See Anno: Right to have reporter's notes read, 50 A.L.R.2d 176 at page 192, wherein the point is stated as follows:

"Generally, the mere fact that only a portion of the testimony taken down by the court reporter in a criminal case was read to the jury is not in and of itself regarded as error or as ground for reversal of a judgment of conviction".

The point at which the trial court determines that the jury has received all infor-

mation requested is normally within the discretion of the trial court. It can not be seriously contended that the record before us demonstrates that the trial court abused its discretion in this instance.

Appellant next contends that the trial court acted improperly in that it had a conversation with one or more of the jurors out of the presence of the other jurors and the court improperly visited inside the jury room. We are unable to tell from appellant's brief or from the record in this case whether this was one occurrence or two separate occurrences. As the matter is in doubt as to what actually happened, we must be bound by what appears in the record. The record reads as follows:

"(NOTE: The Jury, after deliberating for a period of time, informed the Court that they had some questions and a request that certain testimony be read.)

THE COURT: (To the attorneys) Gentlemen, you want the question asked in open court or do you want the court to consider it first before it is asked.

(Court spoke with counsel off record).

THE COURT: Who is the foreman?

MR. BALYHISER: I am.

THE COURT: The Court understands through your foreman that maybe certain jurors want some testimony read back as would relate to the testimony of Schaser, Horn, and Grimme. Who is the juror that requested this?

MRS. YOUNG: The testimony as to between the time Mr. Johnson entered Al's Cottage and the time that the three men heard the explosion.

MR. BALYHISER: Also Mr. Weaver's testimony as to that.

MRS. RACHFORD: We were asking questions as to what happened.

MRS. YOUNG: We were discussing what had happened from the time Mr. Johnson came in and I think I specifical-

ly asked about Mr. Weaver's testimony, between the time he testified he was talking to Mr. Johnson and he later heard an explosion and turned around.

(NOTE: At this point, the court reporter read to the jury portions of the direct and cross examination of the witnesses, Horn, Grimme, Schaser and Weaver.)

Thereafter, the Jury again retired to the Jury room to deliberate.

MR. SLUKICH: At this point, counsel for the defendant moves the court to set aside the swearing of the jury and declare a mistrial for the reasons as stated: (1) that the questions asked by the jurors and the testimony read was not the complete testimony of the individual witnesses and that on cross-examination testimony was given by each and every one of the individuals asked to further explain the positions of the parties as they were in Al's Cottage on the evening of September 24th and further the Court's indication to the Jury as to its belief that that was sufficient was suggestive and improper; that further the conversation of the foreman, Balyhiser, with regard to procedure was done individually and not before the entire panel, which is objectionable and contrary to the laws of this Commonwealth.

MR. BENTON: My response is that first of all, the court reporter read the testimony to the point where the jurors who asked the question said they were satisfied with what they wanted to hear; and secondly, the question of procedure in the jury room as to when ballots were to be taken, that information was given by the Judge to the entire jury in the jury room with counsel standing outside the door and able to overhear what was being said by the Court to the Jury.

THE COURT: Let me make a comment and a statement made relative to the foreman of the jury talking separately or individually to the Court is in error because counsel was present at the time

and there was no objection raised at that time to the procedure taken by the Court and I asked the question and then the Court proceeded to counsel with the Jury.

MR. SLUKICH: The Court indicated they would explain it in its entirety to the Jury.

THE COURT: And there was no objection made at any time. Defendant's Motion to set aside the swearing of the Jury is overruled.

\* \* \* \* \* \*

From the above we conclude that the court did enter the jury room. We conclude this from the statement of the Commonwealth's attorney, Mr. Benton. We further conclude that the court did communicate with the jury through the foreman, in the presence of counsel. We determine this from the statement made by the court itself. We are unable to determine whether this took place in the jury room or in the courtroom. In any event, the record is unclear as to whether any procedural rules were violated by the court in the conversation with the juror. There is no doubt but procedural rules were violated when the court entered the jury room. We have held in a long line of cases that judges should, under no condition, enter the jury room. In fact, we have written "judge[s] should never invade the privacy of the jury room while the body is deliberating on its verdict". Smith v. Commonwealth, Ky., 321 S.W.2d 786. For other cases of like import see Goodman v. Commonwealth, Ky., 423 S.W.2d 905.

■ Now we come to the point of whether the error of the court entering the jury room was properly preserved. We note that in Mr. Slukich's statement in which he moved for a mistrial he does not move for a mistrial because of the impropriety of the trial court entering the jury room, in fact, so far as this record is concerned we do not find that he objected to the court entering the jury room. This is a question that could have been raised

upon motion and grounds for a new trial but no such motion for a new trial was filed, therefore, the question was not preserved for appellate review.

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.